Martin vs. Anderson.

No. 64.—CHARLES MARTIN, plaintiff in error, vs. WILLIAM ANDERSON, et. al., defendants in error.

[1.] To entitle a party to a continuance on the grounds that a commission to take depositions had not been returned; and that a party plaintiff had not answered interrogatories propounded to him, he must in the first case show due diligence in obtaining a commission and forwarding the interrogatories for execution; and in the last, that he had complied with the statutes to compel discoveries at law.

[2.] The non-production of proof on the part of the plaintiff to support certain demises in the declaration, is not sufficient, of itself, to authorize the striking them from the declaration.

[3.] A grant cannot be collaterally impeached and set aside by proof, that it issued through mistake to the wrong person.

[4.] Certificates of public officers cannot prove a fact; they can only authenticate papers and records attached to their offices.

[5.] Facts communicated by a client to his attorney during the existence of the relation of attorney and client, cannot be given in evidence; but the attorney may be compelled to answer whether the party he represents be fictitious.

[6.] Proof by witnesses that they never knew or heard of a particular person is no proof of the non-existence or death of that person.

[7.] Charge of the Court to the jury that "they must find for the plaintiff," is a strong expression of the opinion of the Court on the facts, and is error.

Ejectment, in Calhoun Superior Court.  Tried before Judge POWERS, November Term, 1856.

This was an action of ejectment brought by John Doe on the several demises of William Anderson, Maria Elizabeth Merriwether and Robert C. Robins, against Richard Roe casual ejector, and Charles Martin tenant in possession, for the recovery of lot of land No. 86, in the fourth district of Calhoun, formerly Early county.

Defendant pleaded the general issue.  Upon the case being called, he moved for a continuance upon two grounds:

1st. Because the commission and interrogatories issued for John W. Bothwell, a witness residing in Jefferson county, had not been returned; that said interrogatories were sent by mail by his attorney to the Clerk of the Superior Court of Calhoun county to annex a commission thereto, about the

15th September.  That owing, it is supposed, to some derangement in the mails, they were not returned to the attorney at Newton, Baker county, until about two weeks before the Court.  They were then forwarded to Jefferson county for execution, and for some cause unknown, had not been returned.  That · defendant expected to prove by said Bothwell, that said William Anderson was a fictitious person, or if not, was not then in life.

2d.  Because the following interrogatories exhibited to William Anderson and Maria Elizabeth Merriwether, lessors of plaintiff, had not been answered, although service of the same was acknowledged by plaintiff's attorney, 2d October, 1856, and filed in office 18th October, 1856, more than 30 days before the sitting of said Court, and the Clerk instructed to annex a commission thereto.

"Interrogatory 1st.  Was not and is not the paper &c., purporting to be a grant from the State of Georgia, and under which you claim title to lot of land No. 86, in the 4th district of Early county, a forgery, and have you or either of you, bona fide, any interest in or to the said lot of land, and if so, what interest, and how acquired ?

Interrogatory 2d.  To William Anderson, are you the drawer of said lot, or was not some other person the drawer, and if so, who was ?  Was said lot ever granted to you, or was it not granted to another person of the same name, or another name? if so, describe that person, and state if he is living or dead; if dead, when he died and where; if living, where he lives.  What district and county did you reside in at the time of said lottery and drawing, and at the time the law was passed authorizing said lottery ?"

Annexed to said interrogatories was the following notice to Arthur Hood, Esq., plaintiff's attorney :

"DEAR SIR :

I do not know where your clients, the witnesses named, reside, if living; be pleased therefore to cross the annexed inter-

Martin vs. Anderson.

rogatories, and inform me where the witnesses live, if living; or if you cannot or will not do this, take notice that I will file the same in the Clerk's office of the Superior Court of Calhoun county, there to be answered by the witnesses. Please cross and return them. Mail them to Morgan, and oblige

Yours, &c.

I. E. BOWERS,
Defendants' Attorney.

October 2d, 1856."

The Court refused the motion for a continuance, and ordered the case on to trial.

The plaintiff proved the *locus*, and that defendant, Martin, was in possession of the lot in controversy, and offered a plat and grant from the State to William Anderson, of Abbott's district, Jefferson county, of lot of land containing 250 acres, situated in the 4th district of Early county, and dated 19th day of March, 1821, and rested his case.

Defendant's attorney moved to strike from the declaration the demises of Maria E. Merriwether and Robert C. Robins, as no title or interest in or to said land was shown in them, which motion the presiding Judge refused.

Defendant then offered, without objection, two deeds, one dated 6th January, 1851, from James B. Brown, of Sumter county to West H. Kirksey, of Randolph county, conveying the lot in dispute, and recorded in the Clerk's office of Early county, 15th February, 1851; the other dated 10th August, 1852, from said Kirksey to Charles Martin, of same land, and recorded 26th April, 1853.

Defendant further offered in evidence the following certificates :

"SURVEYOR GENERAL'S OFFICE,
Milledgeville, Ga., 24th Oct., 1856.

I hereby certify that from an examination of the records in this office of the names of the fortunate drawers of the coun-

ty of Jefferson in the lottery of 1820, the name of William Anderson does not appear.

Given under my hand and private seal, there being no seal of office.

JAMES A. GREEN, [L. S.]<br>Surveyor General."

" SECRETARY OF STATE'S OFFICE,
Milledgeville, Ga., Oct. 23d, 1856.

I hereby certify that, from an examination of the original book containing the names of persons residing in Abbott's district, Jefferson county, entitled to draw in the lottery of 1820, the name of William Anderson does not appear.

Given under my hand and seal of office the day and year above written.

E. P. WATKINS,

[Seal.]                                   Secretary of State."

To which counsel for plaintiff objected, because the effect of each of said certificates was to attack the grant from the State. The Court sustained the objection and ruled out the certificates.

Defendant's attorney then offered the following certificate, viz :

"SURVEYOR GENERAL'S OFFICE,
Milledgeville, Ga., Oct. 24th, 1855.

I hereby certify that from an examination of the records in this office, it appears that lot of land No. 86, (eighty six,) in the fourth district of Early county was drawn to the name of William Adderton, of Abbott's district, Jefferson county.

JAMES A. GREEN,<br>Surveyor General."

Counsel for plaintiffs objected to its introduction. The Court sustained the objection and repelled the certificate.

Defendant then proposed to swear Arthur Hood, plaintiff's attorney, and to ask him, if he had ever had any communication with William Anderson, lessor of plaintiff, and if the relation of client and attorney subsisted then or had any previous time existed between him and the said William Anderson, and if the said William Anderson had any interest in the said land, and if he had ever given him any instructions to sue, and if he was not a fictitious person, and if he was not dead? Which questions Mr. Hood declined to answer; and the Court held that he had the right so to do.

Defendant then swore one Houston, who testified that he had for ten years past resided in the immediate neighborhood of the land, and that no such person as William Anderson had within that time been seen or heard of in that part of the country.

Defendant then proved by another witness that he had long resided in Jefferson county, from the year 1829 for ten years, and was well acquainted throughout the county, and that from that time no such person as William Anderson had been seen there by him, nor had he heard of him. That he was well and generally acquainted in the county while there, and thinks he would have known Anderson if there, although it is possible he might not.

The Court held that said testimony was not sufficient to raise the presumption of the death of Anderson.

Defendant then offered in evidence the admission made by plaintiff's attorney on a former trial, that Maria Elizabeth Merriwether was dead at the commencement of this suit.

Defendant then moved the Court to rule out the grant offered in evidence by plaintiff, on the grounds of uncertainty apparent on its face; which motion the Court refused.

The evidence being closed, the Court charged the jury to find for the plaintiff, stating in words "that they must find for the plaintiff." To all which rulings, decisions and charges, defendant excepts:

1st. Because the Court erred in refusing the motion for a continuance.

2d. Because the Court erred in ruling out the certificates of the Surveyor General and Secretary of State, and not admitting the same as evidence.

3d. Because the Court erred in determining upon the sufficiency of the testimony of the witnesses Houston and ―――― offered to prove the death of Anderson, and that he was a fictitious person.

4th. Because the Court erred in holding that Hood, plaintiff's attorney, had the right to refuse to answer the questions propounded to him.

5th. Because the Court erred in refusing to strike out the demises of Merriwether and Robins.

6th. Because the Court erred in not ruling out, on defendant's motion, the grant offered by plaintiff.

7th. Because the Court erred in its charge to the jury.

CLARK, for plaintiff in error.

HOOD ; and HILL, for defendants in error.

*By the Court.*—McDONALD, J. delivering the opinion.

[1.] The judgment of the Court overruling the motion for a continuance, we affirm.    No diligence was used to procure the evidence of John W. Bothwell.    The counsel transmitted interrogatories by mail to the Clerk for a commission. He looked after them no further, and it was about two months before they were returned to him.    He received them about two weeks before Court.    He then sent them, by mail, to Jefferson county for execution, and they had not been returned.

The terms of the statutes to enable parties to obtain discoveries at law from the opposite party were not complied with, and the plaintiffs were not bound to answer.

[2.] The motion of defendant's counsel to strike out two demises in the plaintiff's declaration, one from Merriwether and the other from Robins, on the ground, solely, that no evidence had been submitted to the Court or jury to prove a title or interest in them, or either of them, in and to the tract of land sued for, was properly overruled by the circuit Judge. The action of ejectment is a fiction.    John Doe is the plaintiff, and his name is used by the claimant for the purpose of recovering possession of land from which he alleges he has been ousted.    Fictitious leases are executed, or confessed to have been executed, from the claimant and persons from whom he *bona fide* claims title, to John Doe, and the titles held by these lessors are submitted in evidence to the Court and jury to prove title in the lessors, as authority to lease.

If a sufficient title is shown in one of the lessors to authorize a recovery, the mere non-production of proof, title, or authority from the other lessors is not sufficient to warrant the Court to strike out the leases or demises.    It might be different, if a motion to strike out were predicated on evidence to show that the plaintiff had laid demises, without any kind of authority, express or implied, from persons holding a good title, for the purpose of supporting a forged or a fraudulent title, on which he might not be able otherwise to recover. *Doe ex dem. Hurst and others vs. Clifton* 4 *Ad. & El.* 809, 31 *Eng. C. L. Rep.* 136.    On the trial of ejectments, on several demises, we will remark that the Court might, with much propriety, charge the jury to specify in their verdict the demises on which they predicate their finding, if they find for the plaintiff.    Sometimes several persons have distinct interests in the premises sued for, and in all such cases there should be several demises.    Tenants in common should lay several demises; joint tenants may lay one or several demises at their election.    *Tidd's Prac.* 1205.    There are authorities, and the most approved, that joint tenants should always lay a joint demise.    The special finding we have sug-

gested above is necessary in some cases, and might, in all cases, prevent confusion in executing writs of possession.

[3.] The certificates of the several officers of the State, tendered in evidence, were offered to establish the fact that the grant for the tract of land sued for was issued, by some means, to the wrong person. They prove that the tract of land was drawn in the land lottery, and that it was not drawn to a fictitious name, and that the *drawing* was legal. The difficulty arose afterwards. The grant offered in *evidence* was to William Anderson, and the proof of the facts proposed to be made by the certificates cannot divest him of his title, and could not affect *bona fide* purchasers claiming through him.

[4.] But the certificates themselves are inadmissible on another ground. They certify to facts, or to the non-existence of a name in a particular relation in the offices which they hold. They have certified to no copy or transcript of any record, document or paper of file in the offices under their control. The laws on this subject have reference to certificates of officers, authenticating files, or records &c. attached or belonging to public offices, and not to facts, for both statutes on this subject contain provisos that the Court may require the production of the originals certified to. To mere facts an *exparte deposition* is not admissible, and the statute does not make an *exparte* certificate of a fact admissible.

[5.] The defendants' counsel then swore Arthur Hood, Esq., plaintiff's attorney, and propounded the questions to him set forth in the statement of facts in this case, which he declined answering, and the Court sustained his refusal. An attorney at law is protected from answering to facts which came to his knowledge by the confidential disclosures of his client, during the relation of attorney and client. It is the privilege of the client; but he is bound to disclose the name of his client. That disclosure involves no breach of professional confidence. *Levy vs. Pope,* 1 *Moody & Malkin* 410,

*22d Eng. Com. L. Rep. 343. Chirac vs. Reeinicher*, 11 *Wheat. Rep.* 294. But if Anderson was a fictitious person, there could be no such relation or confidence. He certainly could answer as to that. But he was asked if Anderson had any interest in the land. Whether he had or not, Hood's knowledge, if he be a real person, must have been derived from him, and he could not be compelled to give his opinion or judgment on his client's title. 11 *Wheaton's Rep.* 295. He ought to have been required to answer all the question, except that which required of him his opinion of Anderson's interest in the land, provided, by his answers to the other questions, it appeared that Anderson was, in fact, his client. If he was not, the admissibility of the evidence would depend on other principles.

[6.] The testimony given to support the suggestion of the death of Anderson was insufficient for that purpose. The two witnesses who testified never knew him, had never seen him or heard of him. So far as their knowledge or evidence extended, no such person had ever existed. The death of a person necessarily implies that that person once had an existence, and the death cannot be established by the evidence of witnesses who never heard of him, as a living person, or of his death.

[7.] We consider the charge of the Court to find for the plaintiff, as a strong expression of the opinion of the Court on the facts of the case, and the peremptory terms of the act of 1850 leave no discretion with the Court. That act pronounces it error.

Judgment reversed.