Doe, *ex dem.* of John U. Stephens, plaintiff in error, *vs.* Roe, *cas. ejector*, and Hosea Mattox *et al.*, tenants, defendants in error.

1. The attorney of plaintiff in ejectment cannot be made to testify whether said plaintiff had not employed him to sue for his *individual* benefit, and had authorized his name as administrator used for his *individual* benefit.

2. The Court was requested to charge the jury that if S. authorized the use of his name as administrator of the estate of T. S., they should find for whatever title was shown to be in said estate.   He qualified it by saying S. had no right to allow the use of his name as administrator, and the title of the estate, except for the benefit of the estate, and if he was using his name as administrator, etc., for his individual benefit, he could not recover: *Held*, that he should have given the request without said qualification, even though the qualification *may* be law as an independent proposition.   Whether it is law, is not determined.

Ejectment.   Motion for new trial.   Decided by Judge William M. Reese.   Oglethorpe Superior Court.   April Term, 1867.

20

The declaration contained one demise in the name of John U. Stephens individually, and one in his name as administrator of Thomas Stephens, deceased.

The plaintiff proved the *locus,* possession by the tenants and the value, for rent, of the premises in dispute, read a grant for the premises from the State to Thomas Stephens, proved his death, read the letters of administration on his estate granted to John U. Stephens, and closed.

The defendant traced title to himself. He read in evidence a deed from John U. Stephens to Gunter, which contained a clause of defeasance, and concerning this much evidence was produced by both sides. But while it influenced the decision of the Judge below upon the motion for a new trial, this evidence was not passed upon by the Supreme Court, and is therefore not produced here.

The defendants offered to show by plaintiff's attorneys that John U. Stephens had employed them to sue for his individual benefit, and that he had authorized them to use his name as administrator for that purpose. This was objected to by plaintiff's attorneys, but the Court compelled them to testify, and accordingly they swore that such was the fact.

The evidence being closed, the Court charged the jury, among other things, that if they believed that John U. Stephens authorized the use of his name as administrator of the estate of Thomas Stephens, they should find for whatever title was shown to be in said estate. But he qualified that by charging that the representative of an estate has no right to authorize the use of his representative name as plaintiff's lessor and the title of said estate, except for the benefit of the estate, and that if the jury believed from the evidence that the action was brought not for the benefit of said estate, but for the benefit of another, who had conveyed said premises by deed of warranty to one from whom defendants derive title, and that a recovery would inure to the benefit of such party, they were not bound to find for the plaintiff, but might find for the defendants.

The jury found for the defendants. Plaintiff moved for a new trial on the grounds that the verdict was contrary to the

Doe, *ex dem.* of Stephens, *vs.* Roe, *cas. ejector.*

evidence, etc., and that the Court erred in compelling plaintiff's attorneys to testify as aforesaid, and in qualifying his charge as aforesaid.

The Judge overruled the motion upon the grounds that even had he erred as charged, still, under the evidence, the verdict was right.    This refusal of a new trial is excepted to, and the grounds aforesaid are assigned as error.

MATTHEWS & REID, for plaintiff in error.

A. KERMAN, for defendants in error.

HARRIS, J.

1. The defendants below introduced as witnesses in their behalf, the attorneys at law of the plaintiff, and propounded to them the question whether they were not employed by John U. Stephens to bring the pending ejectment suit for his individual benefit.    An answer to this question was resisted by the attorneys at law on the ground that communications between clients and attorneys in reference to suits to be begun or in progress, are within the protection of a rule of the common-law, and which no Court will allow attorneys to disclose at any time or to testify as to.    The Court overruled the objection made, and compelled an answer to the question.    We think in this he erred.    Doubtless cases may be found in State court reports which will sustain the decision below; perhaps, under the greatly changed system of English law, cases arising under it may be found sanctioning it; but we cannot but regard all such cases as violating one of the soundest and most valuable rules ever established to promote the fullest confidence between attorney and client.

If the question propounded had stopped with the simple enquiry, whether they had been employed by John U. Stephens to bring this ejectment suit, it could not be affirmed that a direct answer to it would involve a breach of professional confidence; but when it seeks to elicit as a fact that they were employed to maintain the *individual* claim of John U. Stephens to the land, and *not his right as administrator* of Thomas Stephens, in whom a demise is laid in the declara-

tion, we are strongly impressed that such enquiry does involve the disclosure of a confidential communication—for the question seeks covertly a disclosure of a disclaimer of title for the estate he represents.

As well might the attorneys have been asked whether John U. Stephens had not said to them that the estate of Thomas Stephens had no claim or title to the land sued for, as the question put and allowed.    No one, it is apprehended, will insist that the form of question just stated could legally have been put; substantially and in effect they are same, and the answers would furnish disclosures of communications which are under rule held inviolable.

2. In addition to the demise of John U. Stephens individually, a further demise was laid by amendment to John U. Stephens, *as administrator of Thomas Stephens.*    The testimony having closed, the plaintiff's counsel requested the Court to charge the jury " That as such administrator, he was entitled to recover the land sued for to the extent of the title shown to be in the estate of Thomas Stephens."    This was not given without qualification.    Had the plaintiff *a right* to such instruction to be given to the jury *without qualification ?*    We think he had.

In ruling the charge of the Judge as erroneous, we would not be understood as denying his right to qualify propositions requested to be presented by him to the jury, when they are not strictly legal or pertinent, or when they require some addition or diminution to make them entirely correct, or are unauthorized by the facts in the case, but as the matters involved in the qualification made by the Judge were entirely separable from the request made and substantially disconnected with it, those matters of qualification should have been presented, if authorized at all, not in connection with the instruction requested, but independently.

The propositions embodied in that qualification are, moreover, questionable as universal rules, viz: that an administrator had no right to authorize the use of his name as lessor of the plaintiff and the title of the estate, except for the benefit of the estate.    If the fictitious action of ejectment, as

used at common-law, had been adhered to in Georgia, there never could have been such rule as the one referred to; there never could have been any delay of trial by death of a lessor, nor any difficulty in laying demises without the assent of those in whose names they were laid.   At common-law there never were but two parties, John Doe and Richard Roe, and they had in the English action of ejectment a legal immortality for every purpose of the suit.    We do not propose to adjudicate now how far or in what cases an administrator may permit the title of an estate to be used for another's benefit, and when he may not.   We desire to say only that these questions have not been definitely adjudicated in Georgia.   They will arise very probably hereafter, when the whole subject ought to be thoroughly reviewed.    Confining our decision to the two points in which we think there was error, we refrain from all remark upon other questions which we find in the record.

Judgment reversed.