## FOWLER *v.* SHERIDAN, executrix.

1. Communications made by a client to an attorney for the purpose of being imparted by him to others do not fall within the inhibitions of the law that render an attorney as a witness incompetent to testify to statements or disclosures made to him by his client.

2. It was competent to show the fact of the attorney's employment, either by the client or the attorney, and the evidence confined to this fact was not objectionable on the ground that it involved confidential relations.

No. 3595. JANUARY 17, 1924.

Complaint for land. Before Judge M. D. Jones. Bibb superior court. January 6, 1923.

*Jones, Park & Johnston,* for plaintiff in error.

*Miller & Garrett,* contra.

BECK, P. J. Miss Julia Sheridan, as the executrix of the estate of A. Lang, brought her action in ejectment, for the recovery of

land and mesne profits, against Mrs. Mary E. Fowler. To plaintiff's petition defendant filed her answer, alleging that she was in possession of the land in controversy as owner therpof for several years prior to the death of A. Lang, and had good title thereto, deriving her title from Lang, who conveyed the land to her for a valuable consideration and delivered possession to her many years before his death. The consideration alleged to be a valuable consideration for the transfer of title under the contract with Lang was services rendered and to be rendered in waiting upon, attending to, nursing and caring for the wife of Lang, plaintiff's intestate, and furnishing him board and other similar services. The jury trying the case returned a verdict for the plaintiff. The defendant made a motion for new trial, which was overruled.

1. There is no question that the title was shown to have been in Lang, the intestate, at the time Mrs. Fowler, the defendant, entered the household of Lang and his wife and undertook to render certain services. The defendant insists that in consideration of the services specified in the way of nursing, waiting on, and attending to Mrs. Lang, the invalid wife of the intestate, the title and ownership of the property was transferred to her. The plaintiff contested the alleged fact of a transfer of title to the property, and sought to show that prior to the bringing of the suit Mrs. Fowler had set up a claim inconsistent with the theory that she claimed title to the property and that title to the same had been transferred to her in consideration of her services. The inconsistent claim referred to was a demand for payment in money for the services which she had rendered Lang in nursing and waiting upon Mrs. Lang and performing other household duties. Upon the issue thus made certain evidence was submitted. A part of this evidence consisted of certain letters written by W. O. Cooper, an attorney at law, to the plaintiff; one dated June 3, 1921, which read as follows: "I beg to advise that we have been employed to bring suit against you as an executrix under the will of Mr. A. Lang, who died a short while ago, for eight hundred and seven dollars for money loaned in cash to Mr. Lang, and for board to Mr. and Mrs. Lang. This account is a just one. I hope you will see fit to send us check for the above stated amount of $807.11. Hoping to hear from you, I beg to remain." In an-

other letter from the same attorney, dated June 20, 1921, and introduced in evidence, it is stated that the writer gives an itemized bill as given to him by Mrs. Fowler. That bill of particulars contains items for money loaned to A. Lang, for nursing Mr. Lang during his illness in 1918, for meals furnished, for screening doors and windows in the home of Mr. Lang, for nursing Mrs. Lang during her illness, for work in the home of A. Lang, the total amount of the bill being $768.71, four hundred dollars of it being in cash advanced to A. Lang. The writer of the letter also states that there were witnesses by whom each item of the bill could be proved, and calls for payment. The defendant objected to the admission of the letters in evidence, on the ground that the writer had no authority to bind her by his statements, because the letters contained confidential communications from the client to her attorney, and such were privileged and could not be offered in evidence over her objection.

We are of the opinion that the court properly overruled the objection to this evidence. Objection to its admission is urged upon the ground that the evidence admitted fell within the inhibition contained in section 5860 of the Civil Code, which section reads in part as follows: "No attorney shall be competent or compellable to testify in any court in this State, for or against his client, to any matter or thing, knowledge of which he may have acquired from his client, by virtue of his relations as attorney, or by reason of the anticipated employment of him as attorney." With this contention we do not agree. While the letters contained the substance of certain communications to the attorney made to him by Mrs. Fowler, they were not in their nature confidential communications such as are protected by the code section to which we have referred. The communication which Mrs. Fowler made to the witness related to matters which she intended that the attorney should communicate to the representatives of the estate of Lang. "As only communications which are confidential are protected as privileged, those which the attorney in the discharge of his duty to his client is of necessity obliged to make public, or those which are made to him for that purpose, cannot be said to be confidential, and are therefore not privileged. Of this character are pleadings and facts to be used in pleading, in an application for the issuance of a patent, or for some other purpose

18

that necessarily implies their revelation to the public." 28 R. C. L. 563. In the note to the case of Collins *v.* Hoffman, decided by the Supreme Court of Washington, 62 Wash. 278 (113 Pac. 625), contained in Ann. Cas. 1913A, 26, it is said: "In the same manner, communications made to an attorney for the purpose of being conveyed by him to others are stripped of the idea of a confidential disclosure, and therefore are not privileged." This proposition last quoted is sustained by a large number of cases cited. In the case of *Burnside* v. *Terry,* 51 *Ga.* 186, it was said: "If a party hold out his attorney as one having authority from him to make a special contract respecting pending litigation, and the attorney acts upon it, treats with his antagonist and thereby secures important rights to the client, he cannot deny the right of the attorney or of the opposite party to prove by the attorney the contract and the authority to make it. It is as if the attorney was constituted a special agent for that purpose. We would not trench upon the sacredness of confidential communications of client to attorney; but that is not intended to be confidential or sacredly secret which the attorney is to propose to the other party as a foundation for bargains and contracts for the benefit of the client when these proposals are accepted and acted on and the benefits secured." In the instant case it appears from the evidence, if the jury accepted as true the testimony of the witness whom Mrs. Fowler employed as attorney to collect for her benefit a claim in the nature of an open account from the estate of Lang, that she furnished the attorney with an itemized statement of this account, and this must have been for the purpose of having it transmitted to the representative of the Lang estate. In pursuance of this authority the attorney did call upon the representative of such estate to pay the claim, and transmitted to the attorney representing the executrix the itemized statement of the account furnished by Mrs. Fowler to him as her attorney. It seems to us that a communication of the nature indicated, made for the purpose indicated—that is, made with the intention of having this communication imparted to the opposite party, cannot be considered a confidential communication between client and attorney.

In *Stone* v. *Minter,* 111 *Ga.* 51 (36 S. E. 321, 50 L. R. A. 356), it was said: "It is the secrets of the client which affect his right that the law does not permit the attorney to divulge; and it

seems to be well settled, on authority, that if the communication made by the client to the attorney is in the presence of the other party to the contract, and it comes within his knowledge, such communication is not embraced in the rule which prohibits that it may be given in evidence by the attorney when called on so to do." Counsel for plaintiff in error cite the cases of *Stephens* v. *Mattox*, 37 *Ga.* 289, *Southern Ry. Co.* v. *White*, 108 *Ga.* 201 (33 S. E. 952), and *Neal* v. *Patten*, 47 *Ga.* 73. None of these decisions, while they deal with certain confidential communications between client and attorney, present actually the question which we have in this record. We think the question is ruled by the authorities cited to support the proposition that a communication made by a client to his attorney, and which the client intends shall be communicated to other persons, is not protected as a privileged communication.

What we have said above applies to other exceptions to the admission of evidence, which it is unnecessary to discuss in detail, in view of the ruling above made.

Testimony of the attorney tending to show the fact of the attorney's employment was properly admitted over the objection that it fell within the rule excluding confidential communications between client and attorney. "The rule making communications between attorney and client privileged from disclosure does not ordinarily apply where the inquiry is confined to the fact of the attorney's employment and the name of the person employing him." 28 R. C. L. 563. See also the cases cited in the note to *Collins* v. *Hoffman*, Ann. Cas. 1913A, 28.

What we have said covers in principle the assignments of error contained in the motion for new trial; and there was sufficient evidence to support the verdict.

　　　　　*Judgment affirmed. All the Justices concur.*