## 70957. ALBERS et al. v. BROWN.
(340 SE2d 260)

MCMURRAY, Presiding Judge.

This appeal arises from the entry of a contempt order in an action for conversion. During the course of discovery plaintiff moved for the imposition of sanctions due to the wilful failure of defendants to appear and be deposed pursuant to a notice of deposition and a prior order of the trial court requiring that defendants answer certain questions and produce certain documents upon being deposed. The trial court entered its order finding the defendants in contempt, ordering that defendants be incarcerated if they fail to purge themselves of contempt by a specified time, ordering that defendants pay plaintiff's counsel the sum of $200 plus costs of the court reporter for certain depositions and providing, in the event of a failure by defendants to comply, for the striking of defendants' answer and the entry of default judgment.

Defendants filed a motion to compel answers to interrogatories. Subsequently, plaintiff filed his petition for contempt and imposition of sanctions predicated upon defendants' failure to comply with the court's order as to payment of attorney fees and cost of the court reporter for certain depositions. The trial court entered its order de-

nying defendants' motion to compel interrogatories and granting plaintiff's motion for contempt and imposition of sanctions. This second contempt order required defendants to pay the $267 due to plaintiff under the prior contempt order ($200 attorney fees plus $67 cost of court reporter) along with an additional $480 as attorney fees for the bringing of the second motion for contempt citation and imposition of sanctions (a total of $747). The trial court's order provides that upon the failure of defendants to make such payment by a specified time, defendants' answer shall be stricken and a default judgment entered. Defendants appeal from the second contempt order. *Held*:

1. "The answers [to interrogatories] are to be signed by the person making them, and the objections [to interrogatories] signed by the attorney making them." OCGA § 9-11-33 (a) (2). In the case sub judice, plaintiff filed his responses to defendants' interrogatories by means of a document which answered a portion of defendants' interrogatories and which submitted objections to a portion of defendants' interrogatories. This document was signed by plaintiff's attorney only.

Defendants argue that the document was not timely filed and that due to the absence of plaintiff's signature there was no valid objection so that plaintiff should have been compelled to answer all interrogatories. First, as to timeliness we note that defendants' interrogatories were served by mail on November 13, 1984, and that the document purporting to be plaintiff's response was filed on December 17, 1984. Generally, responses to interrogatories must be served within 30 days after the date of service. OCGA § 9-11-33 (a) (2). However, because the interrogatories were served by mail we must add an additional three days. OCGA § 9-11-6 (e). Thirty-three days from November 13, 1984, was December 16, 1984, a Sunday. Thus, under the provisions of OCGA § 9-11-6 (a) the deadline was extended until Monday, December 17, 1984, the date on which the responses were timely filed.

As the objections were timely filed this case does not involve the rule relied upon by defendants, that a failure to file timely objections to interrogatories is a waiver of the right to object. See in this regard *Gregory v. King Plumbing*, 127 Ga. App. 512 (194 SE2d 271); *Drew v. Hagy*, 134 Ga. App. 852 (216 SE2d 676); *Ale-8-One of America v. Graphicolor Svcs.*, 166 Ga. App. 506 (1) (305 SE2d 14); *Tompkins v. McMickle*, 172 Ga. App. 62, 63 (1) (321 SE2d 797). While it is clear that plaintiff's counsel's attempt to answer a portion of the interrogatories was not in compliance with OCGA § 9-11-33 (a) (2), we find no reason that such a defect should obviate timely and properly submitted objections to other interrogatories. We decline to find any waiver of plaintiff's objections to defendants' first interrogatories. We note in this connection that no issue is presented in regard to the questions

which plaintiff's attorney purported to answer. The defect in the answer to those questions was later cured.

Insofar as the trial court's denial of defendants' motion to compel answers to interrogatories sustains plaintiff's objections we find no abuse of discretion after a careful review of the entire record. We will not reverse a trial court's decision on discovery matters absent a clear abuse of discretion. *Nixon v. Sandy Springs Fitness Ctr.*, 167 Ga. App. 272 (1) (306 SE2d 362).

2. Defendants contend the trial court erred in finding defendants in contempt for failure to pay a money judgment. The sum in question was the amount defendants were found to have wilfully failed to pay in compliance with an order requiring the payment of attorney fees to an opposing party as reimbursement for expenses incurred in obtaining a discovery order. The case sub judice involves the imposition of sanctions under OCGA § 9-11-37 (b) due to a failure to comply with the trial court's order under OCGA § 9-11-37 (a). The finding of contempt under these circumstances was authorized by OCGA § 9-11-37 (b) (2) (D) which permits in lieu of or in addition to other sanctions, an order treating as contempt of court the failure to obey any orders made under authority of OCGA § 9-11-37 (a) (other than an order to submit to a physical or mental examination). See generally *Mathews v. City of Atlanta*, 167 Ga. App. 168 (306 SE2d 3).

Although we find no error in the trial court's entry of the second order of contempt (from which this appeal is taken) or in the award of attorney fees in connection therewith, we cannot approve of that portion of the trial court's order, which is self-executing, providing, upon the failure of defendants to comply with the trial court's order, for the striking of defendants' answer and entry of default judgment in favor of plaintiff. See *Serwitz v. Gen. Elec. Credit Corp.*, 174 Ga. App. 747, 748 (2) (331 SE2d 95). In the case sub judice the self-executing provisions have not and may never be activated. However, for the reasons stated in *Serwitz* we direct that the self-executing provisions of the trial court's order be stricken.

*Judgment affirmed with direction. Banke, C. J., and Benham, J., concur.*

DECIDED JANUARY 31, 1986.

Sally J. Albers, *pro se.*
John Albers, *pro se.*
*Joseph M. Winter, Michelle J. Bardavid*, for appellee.