A97A1133. CHAMPION MANAGEMENT ASSOCIATION, INC. v. McGAHEE et al.
(490 SE2d 215)

Judge Harold R. Banke.

Champion Management Association, Inc. ("Champion") d/b/a Phylax House, a private adult personal care home, sued the Jefferson County Board of Health and its employee, Sydney McGahee, for alleged violations of the Department of Human Resources' rules and regulations relating to personal care homes, deprivation of due process under the Georgia Constitution, and tortious interference with contractual relations. Champion's claims allegedly arose after a county health inspector observed and reported certain deficiencies. Shortly thereafter, McGahee purportedly contacted all the guardians of the residents of Phylax House who then removed the residents. Champion alleged that as a result of the appellees' actions it was forced to close down and cease its operation of the facility.

After Champion provided vague, indefinite, or incomplete responses to the defendants' discovery requests, the Board moved to compel discovery. An affidavit from the Board's attorney attested that the requested documents had not been produced despite repeated efforts to obtain them from Champion's counsel. Champion offered no response to that motion.

About two months later, the trial court granted the Board's motion to compel and ordered that Champion produce all requested documents within ten days after the entry of its order. The order cautioned that "[i]f the Plaintiff fails to comply with this Court's Order, Plaintiff's Complaint will be dismissed."

It is undisputed that Champion failed to comply within ten days of the court's order, entered on July 18. Champion did not seek an extension or file a written response to explain why it was unable to comply. Instead, Champion served untimely and incomplete amended responses to the Board's request for production. The Board

then moved for sanctions. Determining that Champion had wilfully failed to comply with its order, the trial court dismissed Champion's complaint with prejudice. Enumerating three errors, Champion appeals the dismissal of its complaint. *Held*:

1. Champion contends that the trial court erred in not allowing it to respond to the Board's motion for sanctions before entering its order. The harsh sanction of dismissal of all claims is inappropriate except in extreme cases, and a trial court must find wilfulness as a predicate to imposing sanctions. *Schrembs v. Atlanta Classic Cars*, 261 Ga. 182 (402 SE2d 723) (1991); *Swindell v. Swindell*, 233 Ga. 854, 856 (2) (213 SE2d 697) (1975). "However, the trial court need not conduct a hearing on the issue of wilfulness in every case. Such a requirement serves no purpose where the trial court[, as here,] can otherwise determine wilfulness on the part of the party against whom the sanctions are sought." *Schrembs*, 261 Ga. at 182-183.

2. The trial court properly found that Champion wilfully failed to comply with its order compelling discovery. Notwithstanding Champion's claim to the contrary, a showing of actual wilfulness is not required. *Barron v. Spanier*, 198 Ga. App. 801, 802 (403 SE2d 88) (1991). "The sanction of dismissal for failure to comply with discovery provisions of the Civil Practice Act requires only a conscious or intentional failure to act, as distinguished from accidental or involuntary non-compliance." Id. at 802. In this case, the trial court could determine the existence of wilfulness based not only on the time period prescribed in its order compelling the response but also in the context of the entire period for discovery and Champion's behavior during that time frame. *Schrembs*, 261 Ga. at 183. See *Johnson v. Lomas Mtg. USA*, 201 Ga. App. 562, 564 (3) (411 SE2d 731) (1991). When the nonmovant offers no showing that the failure to respond was accidental or involuntary, dismissal is appropriate. Id.

Champion's tardy effort to supplement the record by attaching to its brief an affidavit dated February 11, 1997, of Bill S. Hatley, Champion's president and sole stockholder, is unavailing. Because this affidavit is not a part of the record below, it cannot now be considered. *Paul v. Joseph*, 212 Ga. App. 122, 125 (2) (441 SE2d 762) (1994).

3. We reject Champion's assertion that the trial court erred in dismissing its complaint. A trial court has broad authority to impose severe sanctions on any party who fails to comply with a court order. OCGA § 9-11-37 (b). A trial court is specifically granted the discretion to "[dismiss] the action or proceeding or any part thereof," of a disobeying party. OCGA § 9-11-37 (b) (2) (C).

It is undisputed that Champion failed to comply with the court's order requiring that it produce all requested documents no later than July 28, 1996. When the Board moved for sanctions, more than ten

months had elapsed from the time the discovery requests were served, yet Champion offered no explanation for its noncompliance. As noted above, the record reveals that Champion failed to file any response to the Board's motion to compel, or to request oral argument on either motion, or to file a motion to set aside the dismissal pursuant to OCGA § 9-11-60. Under these circumstances, we find the trial court did not abuse its discretion in dismissing Champion's complaint after Champion disobeyed its order to produce. *Joel v. Duet Holdings*, 181 Ga. App. 705, 707 (353 SE2d 548) (1987).

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 5, 1997 — 

*Wallace & Tetreault, Victor J. Tetreault*, for appellant.

*Barnhart, O'Quinn & Williams, Michael A. O'Quinn, Anne H. Whipple, Savell & Williams, Carrie L. Christie, Gregg M. Porter*, for appellees.