### A97A2401. STOKES v. TACO BELL CORPORATION.
(494 SE2d 355)

McMurray, Presiding Judge.

Plaintiff Janice Stokes, formerly a resident of Georgia and now a resident of Middletown, Connecticut, brought this pro se tort action against defendant Taco Bell Corporation seeking to recover for personal injuries sustained on May 17, 1993, when she bit into "a hard substance and did injury to her teeth and gums," while eating a Nacho Supreme purchased at defendant's establishment. Defendant denied the material allegations and propounded interrogatories and requests for documents. Subsequently, defendant moved to compel plaintiff to respond to discovery and sought attorney fees for bringing the motion to compel. The trial court ordered plaintiff to "fully respond to the Defendant's outstanding discovery requests within fifteen (15) days," and further directed the parties to appear on March 25, 1996, "for a hearing on the amount of expenses and attorney's fees that will be assessed against the Plaintiff pursuant to O.C.G.A. § 9-11-37 (a) (4) (A)." After that March 25, 1996 hearing, the trial court awarded defendant $800 "for costs incurred in the preparation of Defendant's Motion to Compel," gave plaintiff an additional ten days to respond to interrogatories, and set a time and procedure for plaintiff's deposition by telephone. This order expressly warned "[t]hat if Plaintiff fails to comply or sufficiently respond to any of the questions propounded to her within her deposition, the above-styled case will be dismissed."

In a letter dated April 1, 1996, defense counsel informed plaintiff that he was "available to take [plaintiff's] deposition via telephone between the hours of 9:00 a.m. and 5:00 p.m. on any day during the week of April 15-19, 1996." On April 10, 1996, defendant moved to dismiss the complaint due to plaintiff's alleged failure to comply with the trial court's discovery order. On August 29, 1996, this motion to dismiss for failure to comply with the court's discovery order was renewed on the ground that "[d]efense counsel, . . . despite numerous requests via telephone and by correspondence, has not received its $800 award of attorney's fees and expenses for Plaintiff's wilful failure to comply with [the] Court's previous orders." Plaintiff replied that she should not be required to make an "immediate payment of the awarded fees and expenses prior to a settled claim or the final adjudication of the underlying matter." In an order entered December 12, 1996, the trial court ordered plaintiff to pay the $800 "no later

than December 31, 1996," ordered her to produce for inspection and non-destructive testing the "substance alleged to have caused injury," and informing her that if she "fail[ed] to comply with the requirements of this Order in any manner, her Complaint will be dismissed with prejudice."

In a letter dated January 2, 1996 [sic], defense counsel informed the trial court that plaintiff had failed to pay the $800 and further failed to produce the alleged foreign substance for inspection. In an order entered January 7, 1997, the trial court found that plaintiff "failed to comply with [the] Court's December 11, 1996 Order directing payment of attorney's fees to Defendant in the amount of $800.00 no later than December 31, 1996, and [also] failed to forward to Defendant that alleged foreign substance," and dismissed the complaint with prejudice. This pro se appeal followed. In seven related enumerations of error, plaintiff contends the trial court erred in dismissing her complaint. She argues the trial court failed to apply OCGA § 9-11-26 (b) (3); failed to conduct an in camera inspection; failed to apply the proper standard of awarding attorney fees under OCGA § 9-11-37; failed to apply OCGA § 9-11-5 (b); failed to apply OCGA § 9-11-7 (b) (1); failed to conduct a hearing after issuing a self-executing order of dismissal; and erred in imposing the drastic sanction of dismissal. *Held*:

1. "It remains the rule that a prior finding of wilfulness, bad faith, or that behavior which at best reflects a conscious indifference to the consequences of failure to comply with the trial court's order compelling discovery is a prerequisite to the imposition of the harsher sanctions authorized by OCGA § 9-11-37 (b) (2). *Schrembs [v. Atlanta Classic Cars*, 261 Ga. 182 (402 SE2d 723)]; *Swindell v. Swindell*, 233 Ga. 854, 856 (2) (213 SE2d 697) (1975). However, the procedure no longer requires a second evidentiary hearing, complete with oral argument, before the imposition of sanctions. '(T)he trial court need not conduct a hearing on the issue of wilfulness in every case. Such a requirement serves no purpose where the trial court can otherwise determine wilfulness on the part of the party against whom the sanctions are sought.' (Footnote omitted.) *Schrembs*, supra at 182-183." (Emphasis omitted.) *Vining v. Kimoto USA*, 209 Ga. App. 296, 297 (2) (433 SE2d 342).

As a matter of procedure, the trial court in the case sub judice "did not err by deciding, without a [third] evidentiary hearing, whether [plaintiff's] continued total failure to [make suitable arrangements to pay the $800 imposed as a discovery sanction, over the period from March 25, 1996 to December 31, 1996,] warranted the ultimate sanction of dismissal." *Vining v. Kimoto USA*, 209 Ga. App. 296, 297 (2), 298, supra.

2. On the merits, "a [plaintiff's] wilful failure to comply with an

order requiring the payment of attorney's fees as reimbursement for the expenses incurred by the [defendant] in obtaining a discovery order has been held to authorize the imposition of [the ultimate] sanction [of dismissal]. See *Mathews v. City of Atlanta*, 167 Ga. App. 168 (306 SE2d 3) (1983)." *Serwitz v. Gen. Elec. Credit Corp.*, 184 Ga. App. 632, 633 (362 SE2d 439). "The trial court [in the case sub judice] was authorized to conclude that [plaintiff's] continued total failure to [pay, over a nine-month period, any portion whatsoever of the $800 imposed by court order as a discovery sanction] was a wilful disobedience of that order, authorizing dismissal of the complaint. *Schrembs v. Atlanta Classic Cars*, 197 Ga. App. 450, 451 (398 SE2d 712) (1990), aff'd, 261 Ga., supra. [Cits.]" *Vining v. Kimoto USA*, 209 Ga. App. 296, 298 (3), supra. "[T]he adequacy of lesser sanctions is highly doubtful in view of the plaintiff's failure to [heed] the trial court's warning that failure to comply with its order[, when coupled with her failure to] present a reasonable excuse for that failure[,] would result in dismissal with prejudice. [Cit.] We find no abuse of discretion in the trial court's order." *Mathews v. City of Atlanta*, 167 Ga. App. 168, 170, supra.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED NOVEMBER 25, 1997.

Janice Stokes, *pro se.*

Hawkins & Parnell, Stephen M. Brooks, Warner S. Fox, for appellee.