## A03A0157. AMAECHI v. SOMSINO et al.
### (577 SE2d 48)

JOHNSON, Presiding Judge.

This is an appeal from an order dismissing a complaint based on the plaintiff's failure to comply with discovery. Because the trial court did not clearly abuse its discretion, the order of dismissal is affirmed.

On April 17, 2001, Elsie Amaechi filed a complaint alleging conspiracy, fraud and breach of contract against Victor Somsino and Allison Mortgage Loan Servicing Corporation. Allison Mortgage answered the complaint, and on September 11, 2001, it served interrogatories, a request for production of documents and a request for admissions on Amaechi. Amaechi responded to the request for admissions on October 15, 2001, but failed to respond to the interrogatories or request for production of documents.

Allison Mortgage attempted to resolve the matter by sending a letter to Amaechi and speaking to her on the telephone. But thereafter, Amaechi still did not respond to the discovery. On November 8, 2001, based on Amaechi's failure to respond, Allison Mortgage filed a motion to compel discovery and for sanctions.

On January 28, 2002, before the trial court had ruled on the motion to compel, Allison Mortgage served Amaechi with a notice of deposition, including a request to produce documents, scheduled for February 8, 2002. At Amaechi's request, the deposition was rescheduled for February 19, 2002. Amaechi, however, failed to appear for the rescheduled deposition or produce any documents. On March 6, 2002, based on Amaechi's failure to appear for the deposition, Allison Mortgage moved to dismiss the complaint.

On April 11, 2002, the trial court entered a single order ruling on Allison Mortgage's November 8, 2001 motion to compel discovery and its March 6, 2002 motion to dismiss the complaint. The court granted the motion to compel discovery, ordering Amaechi to respond to the interrogatories and the request for production of documents within 15 days of the order. The court denied the motion to dismiss the complaint based on Amaechi's failure to appear for her deposition, but it ordered her to appear for a deposition as scheduled by Allison Mortgage. The court further notified Amaechi that her failure to comply with the order could result in sanctions, including dismissal of the action.

Amaechi did not respond to the interrogatories or the request for

production of documents as ordered, and she failed to appear for a scheduled deposition on May 6, 2002. Allison Mortgage then moved for contempt sanctions against Amaechi. On June 25, 2002, the trial court held a hearing on the motion. After the hearing, the court found that Amaechi's testimony was not credible, and that Amaechi was in wilful contempt of the court's prior order due to her failure to sit for a deposition and her continued failure to respond to discovery. The trial court therefore granted Allison Mortgage's motion and dismissed the complaint with prejudice. Amaechi appeals from the dismissal order.

If a party does not comply with a discovery order, the trial court may impose sanctions under OCGA § 9-11-37 (b) (2), including dismissal of the complaint.[1] The trial court may impose sanctions after giving the noncomplying party an opportunity to be heard and determining that the party's failure to comply with the discovery order was wilful.[2] "Trial judges have broad discretion in controlling discovery, including imposition of sanctions, and appellate courts will not reverse a trial court's decision on such matters unless there has been a clear abuse of discretion."[3]

In the instant case, after Amaechi failed to comply with the trial court's order compelling discovery, the court held a hearing at which Amaechi was given an opportunity to be heard. The trial court did not find Amaechi's testimony to be credible and found that her failure to comply with the discovery order was wilful. There is no transcript of that hearing before us, and Amaechi has made no citations to any part of the record in her brief. Under these circumstances, she has not made any showing that her failure to comply with the discovery order was somehow excusable. On the contrary, it appears from our review of the entire record that the trial court did not abuse its discretion in finding that she wilfully disobeyed the order. The judgment of the trial court is therefore affirmed.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED JANUARY 29, 2003.

Elsie Amaechi, *pro se.*

---

[1] *Tenet Healthcare Corp. v. Louisiana Forum Corp.*, 273 Ga. 206, 210 (3) (538 SE2d 441) (2000).

[2] Id. at 211.

[3] (Citation and punctuation omitted.) *Daniel v. Corporate Property Investors*, 234 Ga. App. 148 (505 SE2d 576) (1998).

*Freed & Berman, Gary S. Freed, Aaron B. Chausmer*, for appellees.