52205. NIX v. NIX et al.

McMURRAY, Judge.
Russell Nix sued Mrs. Henry Nix and Henry Nix in the Superior Court of White County, Georgia, seeking

affirmative equitable relief and damages resulting from the loss of certain water rights in the sale of real property by defendants to the plaintiff. A show cause order issued for a hearing on a date certain at the court's chambers in Hall County. But counsel for plaintiff requested a verbal continuance to a date sometime in the future, which was granted, providing counsel for plaintiff notified the opposing parties and their counsel of the continuance. This counsel failed to do, and when counsel for defendants and the defendants appeared without any notice of any postponement the court issued an order dismissing the case with prejudice unless plaintiff or his counsel pay over within 30 days to defendants $25.00 for the needless expense of their traveling from White County to Hall County and the sum of $100.00 attorney fees for his needless and unnecessary appearance before the court. This order was served on plaintiff's counsel on November 18, 1974. Plaintiff failed to respond within 30 days except by letter of complaint to the judge; but on April 21, 1975, some five months later, plaintiff moved to vacate this order, citing reasons therein for the failure to notify defendants which are alleged as grounds to vacate and set aside the final order.

After a hearing, the court denied the motion, and plaintiff appeals. *Held:*

1. This being an action seeking injunctive relief, it was transferred to the Supreme Court. But in Case No. 30746, the Supreme Court holds that a mere question of law is involved on appeal, and it has returned the case to this court. See Constitution of 1945, Code Ann. § 2-3704; *Leggitt v. Allen,* 208 Ga. 298, 299 (66 SE2d 709).

2. The rule nisi ordered on October 14, 1974, the entire equitable questions, temporary and permanent injunction, to be heard on November 14, 1974. Thereafter, plaintiff's verbal request for a continuance was granted, based upon his notifying opposing parties and their. counsel, which plaintiff, through his counsel, failed to do. Thus, the plaintiff failed to prosecute the equitable claim. The case was dismissed; properly so, under Code Ann. § 81A-141 (b) (§ 41, CPA) either for lack of prosecution or failure to comply with the order of the court. See *Cranford v. Carver,* 124 Ga. App. 767 (186 SE2d 150); *Kalin v.*

*Pfarner,* 124 Ga. App. 816, 817 (1) (186 SE2d 365).

3. But the claim also sought damages (ex delicto) which required jury consideration. See Constitution of 1945, Code Ann. § 2-3907. This part of the case could not be dismissed with the claim for equitable relief.

4. However, plaintiff failed to obey the court order or to appeal within 30 days of the final judgment or to move to vacate and set it aside during the term. *Carswell v. Shannon,* 209 Ga. 596 (2) (74 SE2d 850); *City of Cornelia v. Gunter,* 227 Ga. 464 (181 SE2d 489). The court had jurisdiction of the parties and the subject matter, and while the final order was partly erroneous, it was not void. Plaintiff had suffered this judgment to become final. See *Royal Indem. Co. v. Mayor &c. of Savannah,* 209 Ga. 383, 384 (2), 391 (73 SE2d 205). One cannot sit idly by and permit a judgment to be taken against him and file no proper appeal. Under such circumstances the law is not inclined to grant relief. See *Heitmann v. Commercial Bank,* 6 Ga. App. 584, 585 (10) (65 SE 590); *Florida Central R. Co. v. Luke,* 11 Ga. App. 290, 294 (75 SE 270); *Godby v. Hein,* 107 Ga. App. 481, 484 (2) (130 SE2d 511).

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

SUBMITTED MAY 4, 1976 — DECIDED MAY 21, 1976.

*Maylon K. London,* for appellant.
*Kenneth R. Keene,* for appellees.