## 35449. CARTER v. CARTER.

MARSHALL, Justice.

The appellee, Louella Carter, filed a complaint for divorce against the appellant, Gus Carter, Jr., in the DeKalb Superior Court. Although the appellant did not obtain an attorney or answer the complaint, he did enter an appearance at a rule nisi hearing, at which time he signed an agreement requiring him to pay temporary alimony and child support. The provisions of this agreement were eventually incorporated into the parties' final divorce decree.

In February of 1979, the appellee filed a contempt citation against the appellant because of his failure to pay child support and convey title to an automobile to her, as required by the divorce decree. The appellant appeared at the contempt hearing with his attorney, and he signed a consent order to pay off the child support arrearages and continue to make his monthly child support payments.

In April of 1979, the appellant filed the instant complaint in equity under Code Ann. § 81A-160(e) to set aside the divorce decree on the ground that it had been procured by the wife's attorney by fraud. Specifically, he argues that he signed the temporary agreement upon representations by the wife's attorney that, before the final divorce decree would be granted, he was going to change the provisions relating to child support and the wife's use of the marital residence. The appellant maintains that he did not move to set aside the divorce decree in the contempt proceedings, because the divorce

decree is voidable and not void,[1] and therefore could only be directly attacked by a complaint in equity and not indirectly at the contempt hearing. This appeal is from the denial of the complaint in equity.

1. In the contempt proceeding, the appellant entered into a consent order to continue making child support payments under the divorce decree. By entering into this consent order, he clearly recognized the validity and enforceability of the divorce decree. "The trial court correctly decided that equity will not lend its aid to the appellant to assert a contrary position in the present case. See *Saturday v. Saturday,* 224 Ga. 236 (161 SE2d 509)." *Seaman v. Ratteree,* 231 Ga. 482, 484 (202 SE2d 454) (1973).

2. In addition, by failing to file defensive pleadings in the divorce action, the appellant waived notice of the hearing on the final divorce decree. Code Ann. § 81A-105(a); *Harris v. Harris,* 228 Ga. 562(3) (187 SE2d 139) (1972). Therefore, entry of the final divorce decree was as much attributable to the husband's negligence as to any other cause. "Equity will not intervene to set aside a judgment of a court of competent jurisdiction, which might have been prevented except for the negligence of the complaining party." *Rawleigh Co. v. Seagraves,* 178 Ga. 459(1) (173 SE 167) (1933). Accord, *Adams v. Adams,* 234 Ga. 139, 141 (214 SE2d 561) (1975) and cits.

3. Since the appellant's complaint in equity to set aside the divorce decree is clearly lacking in merit on the foregoing grounds, we find it unnecessary to decide whether the appellant is also barred from obtaining equitable relief by reason of the fact that he could have filed a motion to set aside the divorce decree in the contempt action.[2]

---

[1] Generally, a judgment procured by fraud is considered to be voidable, but not absolutely void. *Wood v. Wood,* 200 Ga. 796 (38 SE2d 545) (1946); *Alabama Great Southern R. Co. v. Hill,* 139 Ga. 224 (76 SE 1001) (1913).

[2] We do note that a motion to dismiss a contempt citation, on the ground that the judgment sought to be enforced is void, will lie. *Lambert v. Gilmer,* 228 Ga. 774

672

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 28, 1979 — DECIDED NOVEMBER 6, 1979.

*Glenn H. Strother, Clifton S. Fuller, Jr.,* for appellant.
*Henry R. Stringfellow,* for appellee.

(187 SE2d 855) (1972); *Danner v. Robertson,* 221 Ga. 516 (145 SE2d 554) (1965) and cits. However, the disobedience of an unsuperseded order within the jurisdiction of a court is a contempt of court, even though the order is erroneous. *Campbell v. Gormley,* 185 Ga. 65(1) (194 SE 177) (1937).