63371. CITIBANK (NEW YORK STATE) N. A. v. HILL et al.

DEEN, Presiding Judge.

The plaintiff appellant sued the Hills on a Visa open account. A co-defendant was eventually dismissed and the action proceeded

against Gaynell Hill, who in answering the complaint on April 9, 1980, included interrogatories which someone in the office of plaintiff's local counsel who represented the plaintiff in a large number of actions erroneously filed instead of answering. Plaintiff later filed interrogatories as to which the defendant requested and received a protective order relieving her from responding until after plaintiff's answers to the first interrogatories. Motions swirled about like snowflakes. Eventually they were all lumped together for hearing on January 16, 1981, by which time the filing error in counsel's office had been discovered and full answers to defendants' interrogatories filed. These were satisfactory according to defendant's counsel except for some computer items which plaintiff agreed to supply as soon as possible. The court upheld defendants' motion for sanctions, ordered the amendment to the answers to be filed within ten days, granted $500 attorney fees to defendants' counsel and further ordered that "if plaintiff fails to comply with either of the above provisions within the time allowed, the complaint shall stand dismissed with prejudice."

A satisfactory amendment was filed but the $500 was not paid. An attempted appeal from the order was dismissed in *Citibank (N. Y. State) v. Hill,* 158 Ga. App. 574 (281 SE2d 650) (1981) as the case was still pending in the trial court. A new hearing on a motion for sanctions for failure to pay attorney fees resulted on July 14, 1981, in (a) an order to pay the assessed $500; (b) to pay an additional $100 for failure to meet this part of the original order, and (c) that if these sums remain unpaid subsequent to July 28 as shown by affidavit of defendants' counsel the case to stand dismissed with prejudice. A subsequent order dated July 29, pursuant to affidavit, did in fact dismiss the action with prejudice and plaintiff appeals.

1. Where a party fails to answer interrogatories "the court in which the action is pending on motion may make such orders in regard to the failure as are just . . . In lieu of any order [under Code § 81A-137 (b) (2) (A, B or C)] or in addition thereto, the court shall require the party failing to act or the attorney advising him, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure." This section is dealt with in *Johnson v. Martin,* 137 Ga. App. 312 (223 SE2d 465) (1976) where it was held that the sanctions are to be awarded on motion, and where the complaining party did not request the sanction of dismissal it was error for the court to invoke it. To the same effect, see *McIntosh v. Moye,* 154 Ga. App. 520 (268 SE2d 791) (1980).

Attorney fees of $200 were requested in the motion to compel. What are reasonable attorney fees are a matter of proof as a general rule. They may result from contract, as in *Nickerson v. Candler Bldg.,*

*Inc.,* 156 Ga. App. 396 (274 SE2d 582) (1980) where the court followed the 15 percent penalty for attorney fees agreed to in a lease between the parties. In the present case, the original action was in the principal amount of $915.26 on open account. When the court asked counsel if he wanted attorney fees, the latter responded, "I realize they're not always given but we would appreciate $200 in fees." The court on his own motion then assessed $500, and cut off the ensuing argument of counsel for the plaintiff.

In view of the fact that at the time of the hearing the interrogatories were in fact answered except for information requiring additional research, that this explanation was accepted by counsel for the defendant as being in good faith, that the delay had been caused by a misfiling of correspondence and there is no suggestion of wilful refusal to obey any order in the case, we find the award of attorney fees in the sum of $500 in the absence of request for that amount or proof of reasonableness to be an abuse of discretion.

2. The original order having been erroneously entered, it was further error to fine the plaintiff an additional $100 for failure to pay and thereafter to dismiss the pleadings with prejudice.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 5, 1982.

*Robert A. Falanga,* for appellant.
*Martin L. Ellin,* for appellees.