## 65612. MATHEWS v. CITY OF ATLANTA.

McMurray, Presiding Judge.

This action is one by the owner of property located near Hartsfield International Airport, alleging he has been damaged by the noise, dust and aviation fuel originating from low flying airplanes passing over his property. Plaintiff seeks damages for the injuries to his property rights in the nature of inverse condemnation and for such relocation assistance as defendant is required to provide under various state and federal statutes.

During the course of discovery, defendant (City of Atlanta) served upon plaintiff a notice of its request for production of certain documents. Plaintiff responded with his written "objection" to the request.

Subsequently, defendant filed its motion to compel discovery seeking an order compelling plaintiff to produce and permit copying of the documents requested and that defendant be awarded reasonable expenses incurred, including reasonable attorney fees in filing the motion and obtaining an order compelling discovery. Although the plaintiff complied with the request for production of the documents prior to any order on defendant's motion to compel discovery the trial court subsequently entered its order granting the motion to compel discovery, stating that an opposite party may not preclude the imposition of sanctions by making a belated response to the request and awarded defendant $100 as attorney fees for bringing its motion to compel discovery. Plaintiff's motion to dismiss and set aside the order awarding attorney fees was denied.

The order granting defendant's motion to compel discovery and awarding $100 as attorney fees to defendant was filed October 8, 1979, and the order denying plaintiff's motion to set aside that order was filed on December 6, 1979. On April 8, 1982, defendant filed its motion that plaintiff be held in contempt of court for his willful failure and refusal to comply with this order to pay the $100 as previously required. This motion was amended to seek in the alternative that plaintiff be ordered to show cause why his complaint should not be dismissed for his willful failure to comply with the order of the trial court requiring him to pay the $100 attorney fees. The trial court entered its order stating that plaintiff either pay defendant $100 representing attorney fees previously awarded or in the alternative show cause why plaintiff's complaint should not be stricken and dismissed with prejudice for plaintiff's willful failure to comply with the prior order of the trial court. The trial court then ordered "that Plaintiff either pay Defendant $100.00, representing attorneys fees previously awarded by this Court to Defendant, or in

the alternative, show cause before this Court within thirty (30) days from the date of this Order why Plaintiff's complaint should not be stricken and dismissed, with prejudice, for Plaintiff's willful failure to comply with the prior Order of this Court."

Thereafter, the trial court entered its order reciting the failure of plaintiff to pay any sums to defendant as ordered by the trial court "and further, that Plaintiff has failed to present any justifiable excuse for his failure," that plaintiff's failure was willful, and ordered that plaintiff's complaint be dismissed with prejudice. Plaintiff appeals. *Held:*

Pretermitting the question of whether the trial court erred in its order awarding defendant $100 for its expenses in obtaining the order compelling discovery, we first address the effect of the plaintiff's disregard of the order awarding expenses. "A voidable or erroneous order cannot be disregarded; it is valid and enforceable until set aside. 60 CJS Motions and Orders § 65 (d). Moreover, unlike a void order, a merely erroneous order will support rights, remedies and proceedings predicated thereon. See 60 CJS Motions and Orders § 65 (e)." *Golden Key Restaurant & Lounge v. Key Management Corp.,* 137 Ga. App. 251, 253 (2) (223 SE2d 284).

More than two years following the award of expenses of $100 and the denial of plaintiff's motion to set aside that award, the defendant seeking enforcement of that order filed its motion to hold plaintiff in contempt (later amended to seek in the alternative dismissal of plaintiff's action should he continue to fail to comply). In response to defendant's motion plaintiff admitted the allegation of defendant's motion that "Plaintiff has continued to wilfully fail and refuse to comply with said order."

After a hearing the trial court ordered that plaintiff pay the $100 previously awarded to defendant or show cause why his action should not be dismissed for willful failure to comply with the prior order of the trial court. Subsequently, the trial court entered its order noting that plaintiff had failed to pay any sums to defendant as previously ordered and that plaintiff had failed to present any justifiable excuse for his failure. The trial court finding that plaintiff's failure to comply with the two previous orders of the court was willful, ordered plaintiff's action dismissed with prejudice.

Generally, a dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interest of justice. *Gonzalez v. Firestone Tire & Rubber Co.,* 610 F2d 241, 247 (6). Applying this standard, we find in the case sub judice a clear record of contumacious conduct by plaintiff. Plaintiff has failed to comply with the repeated order of the trial court awarding defendant $100

expenses, has admitted the willfulness of his failure to comply and has failed to present any reasonable excuse for his conduct.

While, as a general rule, the trial court should attempt to compel compliance with its orders through the imposition of lesser sanctions than dismissal, the harsh and extreme sanction of dismissal with prejudice is sometimes appropriate. In reviewing the record we find two reasons either of which would support the more harsh sanction imposed in the case sub judice. First, the willful nature of plaintiff's conduct authorizes the dismissal with prejudice. Plaintiff admits that his conduct in failing to comply with the trial court's order was willful, and the trial court has also expressed this finding of fact. Welsh v. Automatic Poultry Feeder Co., 439 F2d 95; Rohauer v. Eastin-Phelan Corp., 499 F2d 120, 121 (2). Secondly, the adequacy of lesser sanctions is highly doubtful in view of the plaintiff's failure to respond to the trial court's warning that failure to comply with its order or present a reasonable excuse for that failure would result in dismissal with prejudice. Ramsay v. Bailey, 531 F2d 706, 708 (3). We find no abuse of discretion in the trial court's order. See OCGA § 9-11-41 (formerly Code Ann. § 81A-141 (Ga. L. 1966, pp. 609, 653; 1982, p. 784)). Accord: *Weeks v. Weeks,* 243 Ga. 416 (254 SE2d 366). Compare *Hawn v. Chastain,* 246 Ga. 723 (273 SE2d 135); *Maxey v. Covington,* 126 Ga. App. 197, 198-200 (190 SE2d 448). See also *Nix v. Nix,* 138 Ga. App. 754, 755 (2) (227 SE2d 481).

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED MAY 12, 1983 —
REHEARING DENIED JUNE 28, 1983 —

*Oze R. Horton,* for appellant.

*J. M. Harris, Jr., David D. Blum, Marva Jones Brooks,* for appellee.