68490. CHELENA v. MILTON FRIED MEDICAL CLINIC.
68491. CARDINAL v. MILTON FRIED MEDICAL CLINIC.

BANKE, Presiding Judge.

The appellee, Milton Fried Medical Clinic, P. C., filed separate suits on account against the appellants, Victor Chelena and Marie Cardinal, seeking to collect from each of them an identical indebtedness for medical services in the amount of $329.50. In each case, the trial court entered an order striking the appellant's answer and counterclaim and entering a default judgment in favor of the appellee as sanction for the appellant's noncompliance with prior court orders regarding discovery. These appeals followed.

In each case, the appellee filed with its complaint a request for admission of facts and genuineness of documents, calling upon the appellants to admit, among other things, the genuineness of separate checks for $329.50 which each had written to the clinic but upon which payment had been stopped. The appellants at first refused to respond to these requests on the ground that copies of the checks had not been provided, whereupon the appellee amended the requests for admission by including such copies. The appellants then declined to admit or deny the genuineness of the checks on the ground that the copies were not legible, thus prompting the appellee to move, in each case, for an order either compelling proper responses or, in the alternative, ruling that the requests were deemed admitted.

On April 28, 1983, following a hearing on these motions, the trial court ruled that the copies were legible and ordered the appellants to make proper responses by 5:00 p.m. the following day. The court further ordered each appellant to pay the appellee $80 in attorney fees "within a reasonable time." The following day, both appellants admitted having drawn a check upon the bank in question on the date in question and having subsequently stopped payment of the check;

however, they declined to admit to the genuineness of the copy as presented and instead insisted upon seeing the original "to confirm the genuineness of such actual check."

On May 13, 1983, the appellee moved for the imposition of sanctions based on the appellants' failure to comply with the April 28th court order. The appellants responded by amending their responses so as to admit virtually all of the requested information concerning the genuineness of the checks. On September 30, 1983, following a hearing on the motions for imposition of sanctions, the court ordered the appellants "to provide specific answers to the discovery sought by 5 p.m. on October 14, 1983," and to pay an additional $100 in attorney fees within 30 days. On October 25, 1983, the appellee again moved for imposition of sanctions, based on the appellants' alleged wilful failure to comply with the order of September 30. On November 4, 1983, the court found the appellants to be in wilful contempt of both prior court orders and, concluding that they had acted in bad faith and in such a manner as to protract the litigation, dismissed their defensive pleadings and entered a default judgment against each of them for the amount of the alleged indebtedness, plus attorney fees. *Held*:

1. This dismissal of a party's pleadings for failure to respond to a discovery order is an extreme sanction which is warranted only where there exists a clear record of delay or contumacious conduct, and a lesser sanction would not better serve the interests of justice. Accord *Mathews v. City of Atlanta*, 167 Ga. App. 168, 169 (306 SE2d 3) (1983); *Sossenko v. Michelin Tire Corp.*, 164 Ga. App. 201, 202 (296 SE2d 754) (1982). However, the wilful failure to comply with an order requiring the payment of attorney fees to an opposing party as reimbursement for his expenses expended in obtaining a discovery order has been held to warrant the imposition of such a sanction. See *Mathews v. City of Atlanta*, supra. Moreover, the record in this case supports the trial court's conclusion that the appellants had attempted wilfully and in bad faith to delay the proceedings. Accordingly, the court was authorized to dismiss the appellants' defensive pleadings and to enter default judgment against them.

2. The appellants' remaining contentions are rendered moot by the foregoing.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JUNE 27, 1984 —
REHEARING DENIED JULY 11, 1984.

*George P. Graves*, for appellants.

*Larry H. Chesin*, for appellee.