### 70176. SERWITZ v. GENERAL ELECTRIC CREDIT CORPORATION.
(331 SE2d 95)

POPE, Judge.

On April 21, 1982 appellee General Electric Credit Corporation (GECC) brought this action against Morrie Serwitz and others for damages and attorney fees for breach of an agreement to lease certain office equipment. Appellant was sued individually as a guarantor of the lease agreement. GECC moved for summary judgment which on December 5, 1983 was granted as to the other parties defendant but denied as to appellant; the order also provided that GECC and appellant had agreed that the validity of appellant's signature on the guaranty agreement was the only issue remaining for trial. On March 2, 1984 GECC filed interrogatories (amended on March 19) directed to and served upon appellant. On July 9, 1984 GECC moved pursuant to OCGA § 9-11-37 for an order compelling answers to the interrogatories or, alternatively, for an order striking appellant's answer and entering a default judgment against him. GECC also moved for an award of expenses and attorney fees incurred in bringing the motion. Following a hearing on the motion, the trial court entered an order on October 26, 1984 directing appellant to answer GECC's interrogatories "within 5 days of this order" and also directing appellant to pay $750 to GECC as attorney fees for the bringing of the motion. Finally, the order provided: "Failure to abide by the above order will result in a dismissal of Morrie Serwitz' answer and a default judgment entered." Appellant filed his answers to the interrogatories on Novem-

ber 1, 1984 but failed to pay the $750 attorney fees as directed. As a result of this partial failure to comply with the October 26 order, the trial court, without a further hearing on the matter, entered a judgment in favor of GECC against appellant on November 1, 1984. On November 2, 1984 appellant moved to set aside the judgment or in the alternative for a new trial. On November 8, 1984 the motion was denied after a hearing. This appeal is from the denial of appellant's motion to set aside or, alternatively, motion for new trial.

1. As a preliminary matter, we note that because the judgment in this case was not based upon the testimony of witnesses, a motion for new trial was not in order. *Bullock v. Grogan*, 139 Ga. App. 97 (1) (227 SE2d 894) (1976). Also, since the judgment was not based upon a jury verdict, and the motion to set aside was filed within the term in which the judgment was entered, the motion was addressed to the sound discretion of the trial court. See *Reynolds v. ARC Services*, 132 Ga. App. 863 (2) (209 SE2d 653) (1974). Our review here is thus limited to a determination of whether the trial court abused its discretion in denying appellant's motion to set aside.

2. Appellant first enumerates as error the dismissal of his answer and the entry of default judgment against him "without first holding an evidentiary hearing on the issue of wilfulness." In general, OCGA § 9-11-37, Civil Practice Act Rule 37, "deals with the consequences of a failure to permit discovery. Rule 37 (a) authorizes a party to seek a court order compelling discovery. Rule 37 (b) gives a trial court a range of sanctions to be imposed when a 37 (a) order is violated. Rule 37 (d) permits the sanctions of 37 (b) to be imposed immediately against a party for certain failures to act. Rule 37 was amended in 1972 in order to bring it into conformity with the federal rule. The operation of the federal rule has been succinctly explained: 'The general scheme of the rule is that ordinarily sanctions can be applied only for a failure to comply with an order of the court. Thus when the discovery procedure itself requires a court order . . . or permits an order . . . failure to obey the order can be punished immediately by any of the sanctions listed in Rule 37 (b). When the discovery procedure is initially set in motion by the parties themselves without court order, the party seeking discovery must first obtain an order under Rule 37 (a) requiring the recalcitrant party or witness to make the discovery sought; it is only a violation of this order that is punishable under Rule 37 (b). *The only exceptions to this scheme are Rule 37 (d), which permits an immediate sanction against a party for a complete failure to respond to . . . interrogatories . . .* and Rule 37 (c) . . .' [Cit.] . . .

"This system is designed to operate as efficiently as possible with minimal participation by the trial court. Such a system demands that the party who receives interrogatories either serve answers or objec-

tions on the discovering party. This duty is made explicit by Rule 37 (d). A party properly served has an absolute duty to respond; the court may enforce this duty by imposing sanctions for its violation. Those sanctions are generally those of Rule 37 (b). As one commentator has stated, 'Rule 37 (d) deals, then, with failure to make the initial response required by the Rules, while subdivisions (a) and (b) provide a method of resolving differences between the parties and enforcing the court's determination. Thus there must be an order under subdivision (a) before sanctions are imposed under (b), while under (d) the party aggrieved moves directly for the imposition of sanctions.' 4A Moore's Federal Practice, ¶ 37.05, p. 37-90 (2d Ed.).

"The authorization of immediate sanctions under Rule 37 (d) has been construed to apply to nothing 'less than a serious or total failure to respond to interrogatories.' . . . Thus, a *total* failure to serve answers or objections would constitute a failure to respond under 37 (d) and would subject a party to immediate sanctions. On the other hand, answering partially or giving evasive answers evidences a dispute between the parties which is brought before the trial court by a 37 (a) motion to compel discovery and is resolved through an order to compel answers or a protective order." *Mayer v. Interstate Fire Ins. Co.*, 243 Ga. 436, 438, 439 (254 SE2d 825) (1979).

"[The] dismissal of a party's pleadings for failure to respond to a discovery order is an extreme sanction which is warranted only where there exists a clear record of delay or contumacious conduct, and a lesser sanction would not better serve the interests of justice." *Chelena v. Milton Fried Med. Clinic*, 171 Ga. App. 580, 581 (320 SE2d 583) (1984). However, the wilful failure to comply with an order requiring the payment of attorney fees to an opposing party as reimbursement for his expenses expended in obtaining a discovery order has been held to warrant the imposition of such a sanction. See *Mathews v. City of Atlanta*, 167 Ga. App. 168 (306 SE2d 3) (1983). Nevertheless, under the facts in the case at bar, we are compelled to reverse the judgment of the trial court. "Here [appellant] had failed to answer within the proper time and had filed no objections to the interrogatories. The court had before it a motion cast in such terms that it could have either ordered the answers to be made or, proceeding under subsection (d), held a hearing on the question of wilfulness and dismissed the action if it were found. The court chose the former course but also added a self-executing order of dismissal in the event the answers were not filed within the time provided. Federal case law and the well-known commentators on federal procedure clearly state that the drastic sanctions of dismissal and default cannot be invoked under Rule 37 except in the most flagrant cases — where the failure is wilful, in bad faith or in conscious disregard of an order. [Cit.] This court, construing subsection (d), has held the same way. *Smith v.*

*Mullinax*, 122 Ga. App. 833 (178 SE2d 909) [(1970)]. The Supreme Court has cautioned against the harsh application of this rule. *Millholland v. Oglesby*, 223 Ga. 230 (154 SE2d 194) [(1967)].

"It is obvious that such a determination cannot be made in a prospective, self-executing order. A court cannot assume that a future failure will be unjustifiable. It must examine the circumstances retrospectively. This means affording an opportunity to explain the circumstances following the failure; which means, in turn, an express motion and notice to the party concerned." *Maxey v. Covington*, 126 Ga. App. 197, 199 (190 SE2d 448) (1972). See *Swindell v. Swindell*, 233 Ga. 854 (2) (213 SE2d 697) (1975). Compare *Merrill Lynch &c. v. Echols*, 138 Ga. App. 593 (2) (226 SE2d 742) (1976), wherein, upon motion by defendant for sanctions under OCGA § 9-11-37 (d), the trial court, following a hearing on the matter, entered an order striking the complaint for plaintiff's failure to answer interrogatories, instead of, as in the case at bar, entering an order compelling discovery under OCGA § 9-11-37 (a).

"It is clear from the holding in the *Maxey* case that where the trial judge elects not to have a hearing on wilfulness but decides to order that answers to the interrogatories be made he must afford an opportunity to explain the circumstances surrounding the failure to comply with his order. This would include a motion and notice to the party involved." *Delta Equities v. Berry*, 127 Ga. App. 590, 592 (194 SE2d 284) (1972). See *Harwood v. Great American Mgt. &c., Inc.*, 164 Ga. App. 703 (298 SE2d 263) (1982); see also *Thornton v. Burson*, 151 Ga. App. 456 (2) (260 SE2d 388) (1979). Accordingly, we find that the trial court abused its discretion in denying appellant's motion to set aside.[1] Our holding on this issue obviates the necessity of discussing appellant's other grounds for reversal.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED MAY 13, 1985.

*William G. Quinn II, Cecil S. Harvell*, for appellant.
*Patti H. Bass*, for appellee.

---

[1] Lest there be any confusion as to the status of this case as the result of our holding herein, upon return of the remittitur from this court to the trial court and the consequent setting aside of the judgment against appellant, appellee may, if it chooses, move for the imposition of sanctions pursuant to OCGA § 9-11-37 (b) for appellant's failure to comply fully with the trial court's October 26, 1984 order. Following proper notice and hearing, the trial court may enter an appropriate order based upon the evidence presented at the hearing.