73546. GILBERT v. E & W CONSTRUCTION COMPANY, INC.
(351 SE2d 523)

BANKE, Chief Judge.

The appellant, Robert Gilbert, sued the appellee, E & W Construction Company, Inc., to recover damages for the latter's alleged negligence in laying part of the foundation of Gilbert's home on property belonging to his neighbors. Named in the complaint as a co-plaintiff was one G. W. Johnson, whom Gilbert has since characterized as his general contractor for the construction of the home, but whom the complaint characterized as having acted jointly with Gilbert in contracting with the appellee for the laying of the foundation.

The appellee denied liability and counterclaimed to recover the cost of the labor and materials allegedly expended in the construction of the foundation. The trial court ultimately dismissed the complaint and awarded the appellee summary judgment on its counterclaim, based on the plaintiffs' failure to respond to discovery. Gilbert appeals.

A full understanding of the issues cannot be achieved without an extensive recitation of the facts relating to the discovery proceedings. The appellee commenced discovery on September 9, 1985, by serving a set of interrogatories on the plaintiffs. The plaintiffs failed to answer these interrogatories in a timely manner; and the appellee, on November 21, 1985, moved for an order either dismissing the complaint as sanction for such failure, or, in the alternative, compelling responses. Accompanying this motion was a certification by appellee's counsel, submitted in accordance with Rule 6.4 (B) of the Uniform Superior Court Rules, that he had conferred with counsel for the plaintiffs in an effort to obtain responses to the interrogatories and had been advised upon doing so that the plaintiffs had "simply refused to prepare the answers or responses." Simultaneously with the motion for sanctions, the appellee also served a request for production of documents on the plaintiffs.

On January 7, 1986, more than six weeks later, the plaintiffs filed responses to the interrogatories, acknowledging through counsel at this time that the appellee was entitled to reasonable attorney fees for filing the motion to compel. On January 29, 1986, the trial court en-

tered an order directing the plaintiffs to pay the appellee $750 instanter as attorney fees for their unexcused failure to respond to the interrogatories in a timely fashion. The court declined, however, to dismiss the complaint at this time.

On February 17, 1986, the appellee again moved for the dismissal of the complaint, this time as sanction for the plaintiffs' failure to pay the court-ordered attorney fees. Simultaneously, the appellee moved for an order either compelling compliance with its earlier request for production of documents or imposing further sanctions against the plaintiff for the lack of such compliance. On February 26, 1986, co-plaintiff Johnson filed what purported to be a voluntary dismissal of his claim, without prejudice. However, on the following day, February 27, 1986, the trial court, without holding an evidentiary hearing, entered an order dismissing the entire complaint with prejudice, based on the plaintiffs' failure to satisfy the $750 attorney-fee award.

On March 24, 1986, the appellant notified the court in writing that he had dismissed his previous attorney and had retained new counsel to represent him in the case. On that same day, he filed a "motion for reconsideration" seeking to have the order dismissing the complaint set aside "because of fraud, accident or mistake and/or the acts of the [former] attorney for the [appellant] . . . , which acts were unmixed with any negligence on the part of the [appellant]. . . ." Attached to this motion was appellant's own affidavit averring that he had not known of the existence of the interrogatories until October 15, 1985, when his former attorney had sent him a letter requesting answers to them; that he had attempted unsuccessfully on numerous occasions to contact his former attorney to arrange a meeting with him to prepare responses to the interrogatories; and that, because of the attorney's failure to return his phone calls, it was not until December of 1985 that such a meeting could finally be arranged. A few days later, the appellant filed a "motion in arrest of judgment," based on the same assertions set forth in the motion for reconsideration.

On April 23, 1986, the appellee filed a brief in opposition to these two motions, asserting therein that, notwithstanding the appellant's having obtained a new attorney, both the $750 attorney-fee award and the request for production of documents were still unsatisfied. The $750 evidently was finally paid a week later, when a hearing was held on the appellant's motions to set aside the dismissal order.

On April 24, 1986, the appellee moved for summary judgment on its counterclaim, based on certain admissions then appearing of record as the result of the appellant's failure to respond to a set of requests for such admissions which had been submitted to the appellant more than 30 days earlier. On May 15, 1986, the appellant filed a "Motion to Modify Response to Request for Admission," accompanied by a set of proposed responses denying each and every requested

admission. In support of this "Motion to Modify," which was, of course, actually a motion to withdraw the admissions, the appellant submitted an affidavit stating, "At no time was the Affiant ever informed that there were request (sic) for admission outstanding and that there was a necessity to answer them within 30 days." Also, the appellant finally submitted at this time responses to the appellee's requests for production of documents, which had been filed almost six months earlier.

Reacting to the appellant's assertions that he had been derelict in his duties, the attorney who had formerly represented the appellant submitted to the court an affidavit detailing the efforts which, he maintained, he had made during the previous fall to get the appellant to answer the interrogatories in a timely manner. This affidavit, which was totally at odds with the affidavit previously submitted by the appellant on the issue, was supported by copies of several letters written by the attorney to the appellant during the period in question, asking him to respond to the interrogatories and advising him of the consequences of failing to do so. It was also supported by a copy of the attorney's telephone log documenting several telephone conversations between him and the appellant during this period. Additionally, the attorney submitted a copy of a letter he had written to the appellant on February 21, 1986, advising him as follows: "As I indicated in my previous letter, it is imperative to avoid a dismissal of your case, that we make payment in the amount of $750.00 for the late filing of our Answers."

On July 14, 1986, the trial court entered an order denying the appellant's motions to set aside the dismissal order. Simultaneously, the court also denied the appellant's "Motion to Modify" the admissions resulting from his failure to file timely responses to the requests for admission and, based on the resultant admissions, granted the appellee's motion for summary judgment on its counterclaim. *Held*:

1. The trial court's award of attorney fees in the amount of $750 as sanction for the appellant's failure to respond to the interrogatories in a timely manner must be reversed due to the absence of any evidence that the appellee reasonably incurred such expenses as the result of the failure to respond. The statutory authority for assessing attorney fees in such a situation is contained in OCGA § 9-11-37 (d) (1), which provides, in pertinent part, as follows: "In lieu of any order, or in addition thereto, the court shall require the party failing to act or the attorney advising him, or both, to pay the *reasonable expenses, including attorney's fees, caused by the failure,* unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." (Emphasis supplied.) It has previously been held that "[w]hat are reasonable attorney fees are a matter of proof as a general rule." *Citibank v. Hill*, 161 Ga. App. 186, 187

(288 SE2d 258) (1982). Upon the return of the remittitur from this court, the trial court shall, upon the renewal by the appellee of its motion for such sanctions, be authorized to conduct an evidentiary hearing on the issue of the amount of attorney fees reasonably expended by the appellee as the result of the appellant's failure to respond to the interrogatories without a court order and to enter a new award of attorney fees based on such evidence.

2. The fact that the original award of attorney fees was defective did not, of course, excuse the appellant's failure to comply with it. "[T]he disobedience of an unsuperseded order within the jurisdiction of a court is a contempt of court, even though the order is erroneous. (Cit.)" *Carter v. Carter*, 244 Ga. 670, 672, n. 2 (261 SE2d 619) (1979). See also *Brewton v. Rowell*, 173 Ga. App. 117, 118 (325 SE2d 610) (1984). However, the trial court should not have dismissed the appellant's complaint as sanction for his failure to pay the $750, without first affording him an opportunity to establish that such failure was not wilful. See *Serwitz v. Gen. Elec. Credit Corp.*, 174 Ga. App. 747 (331 SE2d 95) (1985). This error was not obviated by the proceedings which subsequently took place in connection with the appellant's two motions to set aside the dismissal order, for, although the issue of wilfullness appears to have been litigated during these subsequent proceedings, and although the evidence submitted in connection therewith would have supported a finding of wilfullness on the part of the appellant, it is apparent that the trial court made no such finding of wilfullness but denied the motions to set aside on the basis of certain procedural deficiencies. However, in accordance with our ruling in Division 1, supra, the trial court shall, upon the return of the remittitur and the renewal by the appellee of its motion to dismiss, and following proper notice and opportunity for hearing, be authorized to make a finding on the issue and to re-impose such sanctions as it deems appropriate based on the evidence. Accord *Serwitz*, supra at 750, n. 1.

3. The trial court further erred in granting summary judgment to the appellee on its counterclaim on the basis of the admissions created by the appellant's failure to respond to the requests for admission. In declining to grant the appellant's motion to "modify" the admissions, the court specified that it considered the motion defective both because it was not accompanied by a legal brief or citation of authority, as required by Rule 6.1 of the Uniform Superior Court Rules, and because the appellant had failed to demonstrate, pursuant to OCGA § 9-11-36 (b), how the presentation of the merits of the action would be subserved by allowing the admissions to be withdrawn. See *Cielock v. Munn*, 244 Ga. 810 (262 SE2d 114) (1979); *Whitemarsh Contractors v. Wells*, 249 Ga. 194 (288 SE2d 198) (1982). We cannot agree with either assessment.

Essentially, the appellee's requests for admission called upon the appellant to admit the following: That, operating under the name "R. B. Gilbert Construction," he had acted as his own general contractor for the construction of the residence; that he was therefore personally liable for any unpaid debts incurred in the construction, including the indebtedness sought to be collected by the appellee; and that the appellee was not responsible for determining the placement of the foundation. Simultaneously with the filing of his "Motion to Modify," the appellant filed a "Brief in Opposing (sic) to Motion for Summary Judgment," in which he urged that these requested admissions were inconsistent with previous deposition testimony given by him. In that deposition, the appellant had testified that G. W. Johnson was his general contractor for the project, that the title "R. B. Gilbert Construction" was merely a designation used by the bank to identify the checking account from which the proceeds of his construction loan had been disbursed, and that the appellee had in fact been responsible for the improper placement of the foundation.

While we note an apparent conflict between the appellant's testimony that G. W. Johnson acted as his general contractor and the allegation contained in the complaint to the effect that he and Johnson had both contracted with the appellee for the construction of the foundation, we are convinced that the appellant has met his burden of demonstrating that the admissions created by his failure to respond to the requests for admission in a timely manner are capable of being refuted by admissible evidence having at least a "modicum of credibility," and thus that his motion to withdraw the admissions was "not offered solely for the purpose of delay." *Cielock v. Munn,* supra, 244 Ga. at 813 (concurring opinion of Hill, J.). The appellee having failed to show that it would be prejudiced in the presentation of its case by the withdrawal of the admissions, we must consequently conclude that the trial court erred in denying the withdrawal motion. It necessarily follows that the trial court erred in granting summary judgment to the appellee on its counterclaim.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 3, 1986 —
REHEARING DENIED DECEMBER 16, 1986 —

*Fred J. Stokes,* for appellant.
*James T. Perry,* for appellee.