## 74409. SERWITZ v. GENERAL ELECTRIC CREDIT CORPORATION.
### (362 SE2d 439)

CARLEY, Judge.

In the first appearance of this case before this court, appellant-defendant was appealing from the denial of his motion to set aside the default judgment that had been entered against him after his answer had been stricken as a sanction for his failure to comply with that portion of a discovery order which awarded attorney's fees to appellee-plaintiff. Because appellant's answer had been stricken by a self-effectuating order of the trial court, the denial of his motion to set aside the default judgment was reversed. See *Serwitz v. Gen. Elec. Credit Corp.*, 174 Ga. App. 747 (331 SE2d 95) (1985). Our holding included the following: "Lest there be any confusion as to the status of this case as the result of our holding herein, upon return of the remittitur from this court to the trial court and the consequent set-

ting aside of the judgment against appellant, appellee may, if it chooses, move for the imposition of sanctions pursuant to OCGA § 9-11-37 (b) for appellant's failure to comply fully with the trial court's [discovery] order. Following proper notice and hearing, the trial court may enter an appropriate order based upon the evidence presented at the hearing." *Serwitz v. Gen. Elec. Credit Corp.*, supra at 750 (2), fn. 1.

Upon the return of the remittitur to the trial court, appellee did elect to move that the sanction of striking appellant's answer be imposed. A hearing on appellee's motion was scheduled by the trial court, but a continuance was granted at the request of appellant, who appeared pro se and protested that adequate notice had not been given to him. A hearing, at which appellant again appeared pro se, was ultimately held. Following that hearing, the trial court granted appellee's motion to strike appellant's answer. Appellant brings this appeal from the default judgment that was entered against him.

The striking of defensive pleadings and the entry of default judgment pursuant to OCGA § 9-11-37 (b) (2) (C) is a harsh sanction. See generally *Thornton v. Burson*, 151 Ga. App. 456, 457 (2) (260 SE2d 388) (1979). However, a defendant's wilful failure to comply with an order requiring the payment of attorney's fees as reimbursement for the expenses incurred by the plaintiff in obtaining a discovery order has been held to authorize the imposition of that sanction. See *Mathews v. City of Atlanta*, 167 Ga. App. 168 (306 SE2d 3) (1983). Appellant enumerates as error the trial court's imposition of that sanction against him, urging that there was no evidence that his failure to comply with the trial court's order that he pay attorney's fees to appellee had been wilful.

" 'A court cannot assume that a . . . failure [to comply with its order is] unjustifiable. It must examine the circumstances retrospectively. This means affording [the non-complying party] an opportunity to explain the circumstances following the failure. . . .' [Cits.]" *Serwitz v. Gen. Elec. Credit Corp.*, supra at 750 (2). In the context of the sanctions hearing that was conducted pursuant to our earlier decision in this case, appellant did not admit that his failure to pay the attorney's fees awarded to appellee was wilful. Compare *Mathews v. City of Atlanta*, supra. Appellant stated to the trial court that he was prepared to give sworn testimony and to present other evidence to the effect that his noncompliance was solely the result of his financial inability to pay the attorney's fees to appellee within the time limit established in the trial court's order. The trial court, however, never afforded appellant the opportunity to present the evidence that he stated he was prepared to offer. Apparently, at no point prior to the sanctions hearing had appellant ever attempted to present his alleged poverty to the trial court as an excuse for his failure to pay the court-

ordered attorney's fees. It would appear that the trial court construed appellant's failure to have raised the issue of his poverty at some earlier time as a waiver of his right to rely upon that factor as an excuse in the sanctions hearing.

If one has legal objections to the discovery that is requested of him, there are specific formal procedures available by which a judicial determination of his obligation to respond may be obtained. If those procedures are not timely invoked, legal objections to the discovery are waived and may not, in the context of a subsequent sanctions hearing, be relied upon as an excuse for the failure to respond. See generally *Wetherington v. Koepenick & Horne, Inc.*, 153 Ga. App. 302 (265 SE2d 107) (1980). However, we do not deal here with appellant's failure to make a timely response to discovery to which he made no timely legal objections. Appellant failed to make a timely payment of attorney's fees pursuant to the trial court's previous discovery order. By way of justification for his noncompliance, appellant does not attempt to raise a belated legal objection to the trial court's authority to award appellee attorney's fees or to appellee's entitlement to receive them. Appellant's justification is personal rather than legal and is explanatory rather than defensive. The law does not provide a specific procedure by which one who has no legal objections to a discovery order which requires that he pay attorney's fees within a specified time period can, prior to the sanctions hearing, formally present his poverty to the court as the explanation for his failure to comply with its previous order. The proper time to offer one's poverty as an excuse or justification to the court for his failure to comply with its discovery order is at the hearing on the imposition of sanctions. Accordingly, appellant did not waive his alleged poverty as an excuse or justification by his failure to have raised it at some prior time.

Had appellant been afforded the opportunity at the sanctions hearing to present evidence supporting his assertion of poverty and had that evidence been unrebutted, a finding of appellant's wilfulness at the time of his noncompliance and the dismissal of his answer would not have been authorized. " '(T)he dismissal of a party's pleadings for failure to respond to a discovery order is an extreme sanction which is warranted only where there exists a clear record of delay or contumacious conduct, and a lesser sanction would not better serve the interests of justice.' [Cit.]. . . . '[T]he drastic sanctions of dismissal and default cannot be invoked under [OCGA § 9-11-37] except in the most flagrant cases — where the failure is wilful, in bad faith or in conscious disregard of an order. [Cit.]. . . . The Supreme Court has cautioned against the harsh application of this rule. [Cit.]' " *Serwitz v. Gen. Elec. Credit Corp.*, supra at 749-750 (2). If, on the other hand, appellant had offered his evidence and appellee had then rebutted it to the satisfaction of the trial court sitting as trior of fact,

then a finding of appellant's wilfulness and the dismissal of his answer would have been authorized. However, appellant was not afforded the opportunity to present his evidence at the sanctions hearing and appellee was not given the opportunity to rebut such evidence as might have been presented by appellant. Accordingly, we reverse the order of the trial court striking appellant's answer and the default judgment that was entered against him and remand the case for another hearing on the issue of the wilfulness of appellant's noncompliance with the trial court's order that he pay attorney's fees to appellee. During the hearing, both parties will be afforded the opportunity to present evidence as to the existence or non-existence of any justification or excuse for appellant's failure to comply.

*Judgment reversed and case remanded. Banke, P. J., and Benham, J., concur.*

DECIDED OCTOBER 23, 1987.

Morrie Serwitz, *pro se.*
*John R. Shaw, Jr.*, for appellant.
*Patti H. Bass*, for appellee.