A07A0795. COLE v. HILL.
(649 SE2d 633)

BERNES, Judge.

In this personal injury case, Joseph T. Cole, Sr. appeals from the trial court's order requiring him to pay $500 in attorney fees due to his failure to appear for two scheduled depositions and the subsequent dismissal of his lawsuit due to his failure to comply with the court-ordered sanction. Because Cole was not afforded a hearing prior to the imposition of attorney fees and the dismissal of his case, we reverse.

The record shows that in May 2005, Cole filed suit against Hill, seeking the recovery of damages allegedly sustained as a result of an automobile accident. Hill commenced discovery in July 2005 by serving Cole with interrogatories and a request for production of documents. After Cole failed to answer in a timely manner, Hill filed a motion to compel discovery in September 2005. Cole subsequently responded to the discovery and Hill withdrew his motion.

In January 2006, after Hill was unable to schedule Cole's deposition with his counsel's consent, Hill noticed Cole for a deposition to be taken on January 26, 2006. Cole's attorney apparently notified a paralegal in Hill's counsel's office that he had a conflict with the

noticed deposition date,[1] and stated that he would provide her with alternative dates and times.[2] The alternative dates were not forthcoming, and calls to Cole's counsel went unanswered or were met with a "full" voice mailbox. Hill's counsel appeared with a court reporter for the noticed deposition, but neither Cole nor his counsel appeared.

Hill filed a motion to dismiss pursuant to OCGA § 9-11-37 (d) for Cole's failure to appear for his noticed deposition and sought an award of attorney fees in the amount of $500. Hill's counsel subsequently received a facsimile requesting Hill's presence for a February 24, 2006 deposition. Hill's counsel had a conflict and consequently requested an alternative date on which to conduct the depositions of both Hill and Cole.

On Friday, February 17, 2006, Hill's counsel received a letter by U. S. Mail from Cole's counsel stating that Cole would be available to be deposed at his counsel's office the following Monday, February 20, 2006. Hill's counsel attempted to contact Cole's attorney to confirm the date, but was unsuccessful in reaching him. Nonetheless, she and a court reporter appeared at Cole's counsel's office for the deposition on Monday morning. Cole and his counsel failed to appear.

Hill filed an amendment to his motion to dismiss, seeking an additional $400 in attorney fees.[3] Cole filed responses to both the original and the amended motions to dismiss.[4] Cole argued that his failure to attend the depositions was not wilful, noting in particular that he had informed both Hill's counsel and the court that he had a conflict on the week of January 23, 2006 and was unavailable to attend the deposition on January 26. He also argued that Hill's motions were moot because Cole had been successfully deposed in March 2006.

The court denied the motion to dismiss on March 21, 2006, but, without holding an evidentiary hearing, ordered Cole to pay $500 in attorney fees for twice having failed to appear for his deposition "with no reasonable explanation having been given." The money was to be paid by April 3, 2006.

---

[1] Cole's counsel also sent a conflict letter to the court to notify it that he had four conflicting jury trials scheduled during the week of January 23, 2006.

[2] Hill contends that Cole's counsel indicated that he "might" have a conflict with the noticed deposition, but that he never confirmed the existence of an actual conflict. The record, however, contains correspondence in which Hill's paralegal stated that Cole's attorney "informed [her] that [he had] a conflict with that day" and that he "would get back in touch with [her] with some new dates and times."

[3] Hill claims to have been twice charged $175.75 for the court reporter's appearance fee.

[4] Hill's counsel asserts that she was not served with a copy of the responses, although both contain signed certificates of service.

On July 21, 2006, Hill again moved for dismissal of the complaint, this time as a sanction for Cole's failure to pay the court-ordered attorney fees. Cole did not respond to Hill's motion.

In August 2006, again without holding an evidentiary hearing, the court granted Hill's motion and dismissed Cole's case with prejudice. In its order, the court found that Cole had "exhibited a pattern of delay since filing this case" and had "willful[ly] disregard[ed]" its March 21, 2006 order requiring the $500 payment to Hill.

Cole filed motions seeking to have the trial court reconsider both the order imposing the $500 sanction and the order dismissing the complaint for noncompliance with the court's order. He contemporaneously filed an affidavit stating that his noncompliance with the trial court's order was due to his financial inability to pay the ordered sanction. Prior to the trial court ruling on the motions, Cole filed a notice of appeal, thus divesting the court of jurisdiction to consider the motions.

On appeal, Cole asserts that the trial court committed reversible error when it sanctioned him $500 and later dismissed the case without affording him the benefit of a hearing. He also argues that the court erred when it dismissed his case without first considering whether he was financially able to pay the sanction. We agree and reverse.

1. The trial court's award of $500 as a sanction for Cole's failure to appear at two scheduled depositions must be reversed in the absence of a sanctions hearing. A trial court is afforded broad discretion to impose sanctions under OCGA § 9-11-37 (d), so long as the recalcitrant party is provided notice and the opportunity to be heard. *Rivers v. Almand*, 241 Ga. App. 565, 566 (527 SE2d 572) (1999); *Cook v. Lassiter*, 159 Ga. App. 24, 25 (282 SE2d 680) (1981). While some circumstances might warrant the imposition of sanctions in the absence of a hearing, we cannot say that the record before us contains evidence that Cole lacked substantial justification for his absence sufficient to warrant the imposition of a sanction without a hearing. See *McConnell v. Wright*, 281 Ga. 868 (644 SE2d 111) (2007). On remand, the trial court is authorized to enter a new award of attorney fees to the extent it deems appropriate based upon the evidence presented. *Gilbert v. E & W Constr. Co.*, 181 Ga. App. 281, 284 (1) (351 SE2d 523) (1986).

2. The fact that the court-ordered sanction was erroneous does not excuse Cole's failure to comply with it. *Carter v. Carter*, 244 Ga. 670, 671 (3), n. 2 (261 SE2d 619) (1979); *Gilbert*, 181 Ga. App. at 284 (2). Indeed, we have previously held that a party's wilful failure to comply with an order requiring the payment of attorney fees under OCGA § 9-11-37 can warrant dismissal, irrespective of whether the

order was defective. See *Mathews v. City of Atlanta*, 167 Ga. App. 168, 169 (306 SE2d 3) (1983). Nonetheless, the dismissal of a complaint is a "drastic sanction" that "cannot be invoked under OCGA § 9-11-37 except in the most flagrant cases — where the failure is wilful, in bad faith, or in conscious disregard of an order." (Citations and punctuation omitted.) *Hernandez v. State of Ga.*, 200 Ga. App. 368, 369 (408 SE2d 160) (1991). See also *McConnell*, 281 Ga. at 869; *Serwitz v. Gen. Elec. Credit Corp.*, 184 Ga. App. 632, 634 (362 SE2d 439) (1987).

In the instant case, the trial court should not have dismissed Cole's complaint for noncompliance without first affording him a hearing in order to determine whether his failure to pay was wilful. *Serwitz*, 184 Ga. App. at 633-634 (holding that dismissal is not appropriate if a party fails to pay a sanction due to financial inability). See *Gilbert*, 181 Ga. App. at 284 (2). "A court cannot assume that a failure to comply with its order is unjustifiable. It must examine the circumstances retrospectively. This means affording the noncomplying party an opportunity to explain the circumstances following the failure." (Citation and punctuation omitted.) *Serwitz*, 184 Ga. App. at 633. The proper time to raise one's financial inability as an excuse for failure to pay court-ordered sanction is at a hearing on the imposition of additional sanctions. Id. at 634.

Although the trial court stated in its dismissal order that Cole's noncompliance was wilful, we cannot say that the record "contain[s] enough evidence of [Cole's] willful behavior . . . that any hearing on the issue . . . would simply be duplicative." *McConnell*, 281 Ga. at 870. See *Cook*, 159 Ga. App. at 25. Compare *Rivers*, 241 Ga. App. at 566-567 (1). As we held in Division 1, Cole should have been provided the opportunity of a hearing in order to explain his conduct. Accordingly, we reverse the judgment of the trial court and remand this case for further proceedings not inconsistent with this opinion.

*Judgment reversed and case remanded. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED JULY 11, 2007.

*Michael B. King*, for appellant.
*Beck, Owen & Murray, Janice M. Wallace*, for appellee.