A11A1747. WOOD et al. v. UHS OF PEACHFORD, L.P. et al.

(726 SE2d 422)

ANDREWS, Judge.

April Wood, the daughter of Sherlie Wood, sued UHS of Peachford and Dr. Guy Sommers (collectively "Peachford") after her mother died while a patient at Peachford. After several sanctions for discovery abuses against plaintiff's counsel, the trial court again admonished counsel several times during voir dire for asking questions that required the jurors to prejudge the case. Counsel ignored the judge's instructions and continued asking the prohibited questions. The court declared a mistrial and excused the jury. Peachford then filed a motion to dismiss the case for plaintiff's wilful and repeated violations of the court's orders and rules. The trial court granted the motion. Because the trial court did not abuse its discretion in dismissing the case for failure to comply with its orders, we affirm.

The record shows that the trial court sanctioned Wood's counsel several times during the discovery process. Prior to filing suit, Wood requested her mother's chart from Peachford. In complying with that request, Peachford inadvertently included the report of Dr. Tommy Richardson, which was generated as a result of the peer review process. Peachford moved for a protective order and asked to have the document returned. The court ruled that it was a peer review document, ordered it returned, and instructed Wood that it was not to be used in the case.

Subsequently, during the deposition of Wood's expert, Dr. Davis, Peachford's counsel discovered that Wood had provided Davis with a copy of Richardson's peer review report. Davis testified that he used

---

[18] Id.

the report in forming his opinion about the case. He also stated that he was told "not to discuss it at his deposition." The trial court subsequently excluded Davis's testimony. Wood designated a new expert and counsel again provided the expert with the information in the Richardson document. The trial court then excluded this expert's testimony. Wood's counsel was also sanctioned for filing a protective order for the sole purpose of delay and for offensive and threatening behavior toward Sommers's counsel at a deposition.

During voir dire, Wood's counsel asked prospective jurors several questions about "breaking rules." Peachford's counsel's objections to these questions were sustained.

During individual juror questioning, Wood's counsel asked a juror how he would feel if someone died in a hospital as a result of somebody not doing what they were required to do. The next juror was told that their (plaintiff's) evidence was much greater than a preponderance. The trial court sustained objections to these remarks.

At that point, the trial court instructed Wood's counsel to stop arguing the case or the court would declare a mistrial. Counsel then told the jurors "we're not asking for your sympathy. The time for sympathy is long over[.]" The trial court again admonished counsel and told him to "move on." Counsel again asked jurors about breaking rules. Again the trial court admonished counsel and finally declared a mistrial and dismissed the jury.

Peachford subsequently moved that the case be dismissed. The trial court granted the motion and entered an order barring Arlan Cohen, who had been admitted to the case pro hac vice, from "seeking, receiving, or exercising pro hac vice admission to practice in the State Court of Fulton County."[1] This appeal followed.

The trial court did not err in dismissing the case. Although, "as a general rule, the trial court should attempt to compel compliance with its orders through the imposition of lesser sanctions than dismissal, the harsh and extreme sanction of dismissal with prejudice is sometimes appropriate." *Mathews v. City of Atlanta*, 167 Ga. App. 168, 170 (306 SE2d 3) (1983). In *Mathews*, the court identified two reasons, either one of which would support dismissal of the case. The first was "the willful nature of plaintiff's conduct" and the second was that the "adequacy of lesser sanctions" was highly doubtful in view of plaintiff's failure to respond to the trial court's warnings. Id.

In this case, both reasons are present. Despite clear instructions from the court, both during discovery and voir dire, Wood's counsel continued with the objectionable behavior in open disregard of the

---

[1] That order is not being appealed.

trial court's orders. Even when threatened with severe sanctions, counsel continued to disregard the court's instructions.

Wood argues that the court's orders during discovery were in error and therefore sanctions were not appropriate. We disagree. Wood has not shown that the Richardson document was not generated as a result of the peer review process, and the record contains Richardson's uncontroverted affidavit stating that he was not involved in Wood's treatment, that as part of the medical peer review process he was asked to review Sherlie Wood's medical records, and the resulting document "was prepared as part of the peer review process." We need not reach this issue, however, because even if the sanctions were erroneous, which they were not, that does not excuse the failure to comply with them. *Gilbert v. E & W Constr. Co.*, 181 Ga. App. 281, 284 (351 SE2d 523) (1986).

Further, it was not necessary to conduct a hearing to determine whether counsel's conduct was wilful. "The trial court need not conduct a hearing on the issue of wilfulness in every case. Such a requirement serves no purpose where the trial court can otherwise determine wilfulness on the part of the party against whom the sanctions are sought." *McConnell v. Wright*, 281 Ga. 868, 869-870 (644 SE2d 111) (2007). See *Schrembs v. Atlanta Classic Cars*, 261 Ga. 182, 182-183 (402 SE2d 723) (1991).

Here, because the trial court was required to issue orders for each abuse of discovery and because the trial court was present during Wood's counsel's flagrant disregard of its orders and instructions during the voir dire process, it was not necessary to conduct a further hearing on the issue of wilfulness.

Therefore, we conclude that the trial court did not abuse its discretion in dismissing this case based on Wood's counsel's blatant and wilful disregard for the authority of the court.

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED MARCH 5, 2012 —
RECONSIDERATION DENIED MARCH 26, 2012 —

*James H. Potts II, Jill M. Ganser*, for appellants.
*Huff, Powell & Bailey, Daniel J. Huff, Nall & Miller, Adriane C. Sammons, Michael D. Hostetter*, for appellees.